416 So.2d 1236 (1982)
LIPTON PROFESSIONAL SOCCER, INC., a Corporation, D/B/a Jacksonville Tea Men, Petitioner,
v.
Nick MIJATOVIC, Respondent.
No. AM-154.
District Court of Appeal of Florida, First District.
July 20, 1982.
Peter L. Dearing and Michael G. Tanner of Mahoney, Hadlow & Adams, P.A., Jacksonville, for petitioner.
Barry L. Zisser of Zisser, Robison, Spohrer, Wilner & Harris, P.A., Jacksonville, for respondent.
ROBERT P. SMITH, Jr., Chief Judge.
Lipton's petition for writ of certiorari is the proper vehicle for obtaining review of an interlocutory circuit court order denying Lipton's application, section 682.03, Florida Statutes (1981), "for an order directing the parties to proceed with arbitration... ." Miller Construction Co., Inc. v. First Baptist Church of Live Oak, Inc., 396 So.2d 281 (Fla. 1st DCA 1981); Paine, Webber, Jackson & Curtis, Inc. v. Lucas, 411 So.2d 1369 (Fla. 5th DCA 1982). Respondent Mijatovic's circuit court claim against Lipton is for $41,500 in salary for performing as a soccer player for Lipton's team, the Jacksonville Tea Men, during the period November 14, 1981, through February 13, 1982  the so-called "indoor soccer season" that follows the close of the "outdoor soccer season." Lipton's alleged obligation to play Mijatovic for the indoor season, and to pay him additionally for those services, is said to arise from two sources: first, from Mijatovic's contract for the period April 1981 to April 1982 with the Washington Diplomats, which Lipton assumed and performed to the extent of paying Mijatovic $41,500 for play *1237 in the outdoor season ending in November 1981; and second, from an associated contract, likewise binding Lipton who assumed Washington's undertakings, by which Washington agreed for a fee of $5,000 to loan Mijatovic to the New York Arrows, through a process of waiving him out of Washington's North American Soccer League, to play the indoor 1981-82 season for the Arrows at a salary of $41,500.
Whatever Lipton's obligations to Mijatovic were and are, they are said by Mijatovic to have arisen out of the contract documents exhibited in the record. Though Lipton denies any additional obligation to play and pay Mijatovic beyond November 1981, Lipton does not and indeed cannot deny that the obligation arises if at all out of those contract documents. In explicit terms the Washington (now Lipton) contract with Mijatovic covers the entire period through April 1982, and it explicitly requires binding arbitration of disputes arising under the contract. Too, the record reveals that binding arbitration of contract disputes is required by the collective bargaining agreement between the North American Soccer League, of which both Washington and Lipton are members, and the NASL Players Association, as bargaining agent. Though chapter 682 may not be applicable because the collective bargaining agreement incorporates New York law, see section 682.02, the obligation to arbitrate persists through federal law, 9 U.S.C. §§ 1, et seq., and Florida courts are bound to enforce that obligation. Merrill Lynch, Pierce, Fenner & Smith Inc. v. Melamed, 405 So.2d 790 (Fla. 4th DCA 1981).
We therefore GRANT Lipton's petition for certiorari, quash the circuit court's order denying Lipton's motion to require arbitration, and remand with instructions that Mijatovic's claim be remitted to arbitration as provided in the contract documents.
LARRY G. SMITH and WENTWORTH, JJ., concur.