433 So.2d 1360 (1983)
BUTCHER & SINGER, INC., Appellant,
v.
Mark FRISCH, Appellee.
No. 82-1865.
District Court of Appeal of Florida, Fourth District.
July 13, 1983.
*1361 Thomas A. Truex of Jacobson & Gottlieb, Hollywood, for appellant.
Richard J. Desanto of the Law Office of Richard J. Desanto, Fort Lauderdale, for appellee.
WALDEN, Judge.
This is an appeal from an order dismissing with prejudice a suit for breach of an employment agreement. Butcher & Singer, Inc., is a stock brokerage firm. It was the plaintiff in the trial court and is the appellant here. Defendant/Appellee, Mark Frisch, entered into a contract ("Training Agreement") as a trainee with Butcher & Singer to become a stock broker with Butcher & Singer.
The contract in question contained this provision:
g) State Law and Arbitration of Disputes. This agreement shall be governed by the laws of the State of Pennsylvania. Any controversy or dispute between you and B & S concerning this agreement shall be submitted for arbitration before the New York Stock Exchange, Inc., in accordance with applicable provisions of the Constitution and Rules of the Board of Directors of the New York Stock Exchange, Inc.
Frisch completed the training program and became registered with the New York Stock Exchange, Inc. He then resigned from his employment with Butcher & Singer. Thereupon, Butcher & Singer sued Frisch for breach of contract.
Frisch moved to dismiss the complaint on the ground that Butcher & Singer failed to comply with the arbitration provisions of the contracts. Although Frisch's motion is not the usual motion to compel arbitration pursuant to Section 682.03(1), Florida Statutes (1981), the substance of the appellee's pleading is based upon the contractual right to arbitration. Therefore, the "motion to dismiss" filed in this case does not constitute a waiver of the appellee's right to have the parties' dispute submitted to arbitration. See, e.g., Balboa Insurance Company v. W.G. Mills, Inc., 403 So.2d 1149 (Fla. 2d DCA 1981); Rinker Portland Cement Corp. v. Seidel, 414 So.2d 629 (Fla. 3d DCA 1982).
The appealed order of dismissal, in effect, gave approval and force to the contract's arbitration provision found in paragraph g.
Butcher & Singer basically assert that a contract requiring arbitration pursuant to the laws of a foreign jurisdiction is not enforceable in Florida if either party objects prior to an arbitration award. This is a correct general premise. See Section 682.02, Florida Statutes (1981), Damora v. Stresscon International, Inc., 324 So.2d 80 (Fla. 1975); Romar Transports Ltd. v. Iron and Steel Company of Trinidad and Tobago, Ltd., 386 So.2d 572, 574 (Fla. 4th DCA 1980); Knight v. H.S. Equities, Inc., 280 So.2d 456 (Fla. 4th DCA 1973).
However, there is an exception to the foregoing principle, which exception is applicable here. It does not apply to valid and enforceable arbitration agreements applying federal law even though foreign state law is incorporated in the arbitration agreement. Merrill Lynch Pierce Fenner & Smith, Inc. v. Melamed, 405 So.2d 790 (Fla. 4th DCA 1981); see also Lipton Professional Soccer, Inc. v. Mijatovic, 416 So.2d 1236 (Fla. 1st DCA 1982).
Moreover, the present case involves interstate commerce and therefore the United States Arbitration Act, 9 U.S.C. §§ 1 to 14 is applicable and the circuit court correctly enforced the agreement. Merrill Lynch Pierce Fenner & Smith, Inc. v. Melamed, supra. A contractual agreement between a New York Stock Exchange brokerage firm and its employee has been held to be a contract involving interstate commerce within the meaning of the United States Arbitration Act. Shearson Hayden Stone, Inc. v. Liang, 493 F. Supp. 104, 106 (N.D.Ill. 1980), aff'd, 653 F.2d 310 (7th Cir.1981). See also Legg, Mason & Co. v. Mackall & Coe, Inc., 351 F. Supp. 1367 (1982); Fox v. Merrill Lynch & Co., 453 F. Supp. 561 (1978); *1362 Fairchild & Co. v. Richmond, F. & P.R. Co., 516 F. Supp. 1305 (1981).
We hold that the instant contract involved interstate commerce thereby making federal law applicable. Therefore, the trial court correctly entered the order of dismissal by recognizing that the contract's arbitration provision was valid and enforceable in the Florida Courts.
AFFIRMED.
DOWNEY and DELL, JJ., concur.