449 So.2d 869 (1984)
DONMOOR, INC., Petitioner,
v.
William B. STURTEVANT, Respondent.
No. 83-1579.
District Court of Appeal of Florida, Fifth District.
March 29, 1984.
Rehearing Denied May 7, 1984.
Charles J. Cacciabeve of Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P.A., Orlando, for petitioner.
*870 Harlan Tuck of Giles, Hedrick & Robinson, P.A., Orlando, for respondent.
FRANK D. UPCHURCH, Jr., Judge.
Donmoor, Inc., by petition for writ of certiorari, seeks review of an order denying its motion to compel arbitration and to stay the proceedings below. This court has previously held that a petition for writ of certiorari is an appropriate method to review an order denying a motion to compel arbitration. R.W. Roberts Const. Co., Inc. v. St. Johns River, 423 So.2d 630 (Fla. 5th DCA 1982); Paine, Webber, Jackson & Curtis, Inc. v. Lucas, 411 So.2d 1369 (Fla. 5th DCA 1982).
Respondent William Sturtevant, employed by Donmoor,[1] sued to recover unpaid sales commissions. Donmoor moved to compel arbitration under both the Florida Arbitration Code and the Federal Arbitration Act. The motion was based on an arbitration provision in the employment contract between the parties which provides as follows:
Any claim or controversy arising out of or with respect to this agreement or the performance thereof or breach shall be settled by arbitration in New York City, New York pursuant to the rules of The American Arbitration Association then obtaining and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof.
Since the contract provided for arbitration in another state, the provision is not enforceable under the Florida Arbitration Code, chapter 682, Florida Statutes. Damora v. Stresscon International, Inc., 324 So.2d 80 (Fla. 1975). Donmoor has recognized this and bases its argument solely on the Federal Arbitration Act. Sturtevant argues, in the alternative, that the federal act does not apply because 1) the action is not based on the contract; 2) the federal act is not enforceable in state courts; and 3) the contract is excepted from operation of the federal act.
We reject Sturtevant's first argument. His action for unpaid sales commissions is clearly dependent upon his employment contract with Donmoor.
Regarding Sturtevant's second argument, the United States Supreme Court has recently reaffirmed its view that the substantive law created by the act is applicable in state as well as federal courts. Southland Corp. v. Keating, ___ U.S. ___, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984). Our sister courts had previously reached this conclusion. See, e.g., Butcher & Singer, Inc. v. Frisch, 433 So.2d 1360 (Fla. 4th DCA 1983); Lipton Professional Soccer, Inc. v. Mijatovic, 416 So.2d 1236 (Fla. 1st DCA 1982); Merrill Lynch Pierce, etc. v. Melamed, 405 So.2d 790 (Fla. 4th DCA 1981).
Thus, the remaining question is whether this particular employment agreement is excluded from the Federal Arbitration Act. The Act applies to:
A written provision in ... a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, ...
9 U.S.C. § 2 (1947).
"Commerce" is defined in the Act as:
[C]ommerce among the several States or with foreign nations, or in any Territory of the United States or in the District of Columbia, or between any such Territory and another, or between any such Territory and any state or foreign nation, or between the District of Columbia and any State or Territory or foreign nation, but nothing herein contained shall apply to contracts of employment of seamen, railroad employees, or any other *871 class of workers engaged in foreign or interstate commerce. (emphasis added)
9 U.S.C. § 1.
Donmoor contends that the contract in question does not fall within the exclusion set out above citing Dickstein v. Dupont, 443 F.2d 783 (1st Cir.1971). In that case, Dickstein, a registered representative for Dupont, a member of the New York Stock Exchange, filed suit for a reasonable fee for finding a client for Dupont. Dupont moved to stay the proceedings pending arbitration as provided in Dickstein's employment application. In response, Dickstein argued that the arbitration act did not apply because he fell within the exception in section 1. The court rejected this argument, stating:
Equally unavailing is appellant's argument that he was a worker `engaged in foreign or interstate commerce' within the exceptions to the Arbitration Act set out in section 1. 9 U.S.C. § 1. Courts have generally limited this exception to employees, unlike appellant, involved in, or closely related to, the actual movement of goods in interstate commerce. Tenney Engineering, Inc. v. United Electrical Radio & Machine Workers, 207 F.2d 450, 452-453 (3d Cir. 1953); Signal-Stat Corp. v. Local 475, etc., 235 F.2d 298 (2d Cir.1956), cert. denied, 354 U.S. 911, 77 S.Ct. 1293, 1 L.Ed.2d 1428 (1957), reh'g denied, 355 U.S. 852, 78 S.Ct. 7, 2 L.Ed.2d 61 (1957). (emphasis added)
443 F.2d at 785.
Donmoor also cites Tenney Engineering, Inc. v. United Electrical Radio & Mach. Workers, 207 F.2d 450 (3d Cir.1953). There, the court construed the exclusionary language in section 1, stating as follows:
We think that the intent of the latter language [`or any other class of workers engaged in foreign or interstate commerce'] was, under the rule of ejusdem generis, to include only those other classes of workers who are likewise engaged directly in commerce, that is, only those other classes of workers who are actually engaged in the movement of interstate or foreign commerce or in work so closely related thereto as to be in practical effect part of it. The draftsmen had in mind the two groups of transportation workers as to which special arbitration legislation already existed and they rounded out the exclusionary clause by excluding all other similar classes of workers.
207 F.2d at 452-453. Accord, Erving v. Virginia Squires Basketball Club, 468 F.2d 1064 (2d Cir.1972); Horne v. New England Patriots Football Club, 489 F. Supp. 465 (D.Mass. 1980); Allendale Nursing Home v. Local 1115 Joint Board, 377 F. Supp. 1208 (S.D.N.Y. 1974). Contra, United Electrical Radio & Machine Workers of America v. Miller Metal Products, 215 F.2d 221 (4th Cir.1954).
Sturtevant argues that the cases are in hopeless conflict citing Signal-Stat Corp. v. Local 475, etc. 235 F.2d 298 (2d Cir.1956), cert. denied, 354 U.S. 911, 77 S.Ct. 1293, 1 L.Ed.2d 1428 (1957). The question in Signal-Stat was whether a collective bargaining agreement was a "contract of employment" within the meaning of section I. The court in Signal-Stat held that a collective bargaining agreement was a contract of employment. More importantly, however, the court held that the labor union, whose workers were engaged in the manufacture of automotive electrical equipment, was not actually engaged in interstate or foreign commerce but was merely engaged in the manufacture of goods for interstate commerce and thus the exclusion in section 1 did not apply. Id. at 303. Thus, Signal-Stat actually supports the position of Donmoor rather than Sturtevant.
Here, Sturtevant was not involved in, or closely related to, the actual movement of goods in interstate commerce. In accordance with the cases cited above, we conclude that this action is not excluded under the terms of the Federal Arbitration Act. Federal policy favors arbitration, Signal-Stat; J.S. & H. Construction Co. v. Richmond County Hosp. Auth., 473 F.2d 212 (5th Cir.1973), and therefore the exclusionary language of section 1 must be construed *872 narrowly so as to effectuate arbitration. Since the contract was one "evidencing a transaction involving commerce", contained a written provision to settle by arbitration a controversy arising out of the contract, and does not fall within the exclusionary language, the Federal Arbitration Act does apply. Accordingly, Donmoor's motion to compel arbitration and to stay the proceedings below should have been granted.
The petition for writ of certiorari is GRANTED, the order denying arbitration and stay is QUASHED.
COBB and COWART, JJ., concur.
NOTES
[1] Sturtevant was Donmoor's exclusive sales representative for portions of Florida, Georgia and Alabama.