526 So.2d 194 (1988)
TROJAN HORSE, INC., and Kathleen O'Donnell, Appellants,
v.
LAKESIDE GAMES d/b/a Leisure Dynamics, Inc., Appellee.
No. 88-116.
District Court of Appeal of Florida, Third District.
June 7, 1988.
Tescher, Milstein & Engel and Eric F. Gebaide and Paul Hampton Crockett and Richard Milstein, Coral Gables, for appellants.
Kozyak, Tropin & Throckmorton and Kenneth R. Hartmann, Miami, for appellee.
Before HUBBART, BASKIN and DANIEL S. PEARSON,[*] JJ.
BASKIN, Judge.
Trojan Horse, Inc., [Trojan Horse] and Kathleen O'Donnell seek reversal of an interlocutory order granting a motion to compel arbitration filed by Lakeside Games, d/b/a Leisure Dynamics, Inc., [Lakeside] pursuant to provisions in the parties' licensing agreement and staying the action pending arbitration in another state. We affirm.
The contract at issue pertains to a board game and involves manufacturing and distribution rights "in the United States of America and elsewhere throughout the world." The developer of the game, Trojan Horse, filed a three-count complaint seeking compensatory and punitive damages *195 along with injunctive relief, an accounting, and attorney's fees for Lakeside's alleged breach of contract. The complaint asserted that Lakeside failed to perform its contractual obligations. Other allegations cited Lakeside's failure to pay Trojan Horse royalties, or to return the prototype game. Lakeside filed a motion to stay; Trojan Horse filed a memorandum of law in opposition to the motion to stay. In an order granting Lakeside's motion, the trial court considered the arbitration clause in the contract. It provides:
12.03  This Agreement was made in the State of Minnesota and shall be construed in accordance with the laws thereof. Any dispute arising out of or in connection with this Agreement or any of the exhibits hereto, their interpretation or enforcement shall be submitted to arbitration in Minneapolis, Minnesota, in accordance with the rules of the American Arbitration Associations, and judgment upon the award of any such arbitration may be entered in any court having jurisdiction thereof.
The issue before us is whether the United States Arbitration Act [Federal Arbitration Act], 9 U.S.C. § 2 (1970), supersedes inconsistent provisions of the Florida Arbitration Code, § 682, Fla. Stat. (1983). We hold that it does and that state courts must apply the Federal Arbitration Act to contracts involving interstate commerce.
Under the Florida Arbitration Code, § 682.02, Fla. Stat. (1983), Florida courts lack statutory authority to enforce agreements to arbitrate under the law of other states.[1] A contractual agreement to arbitrate in another jurisdiction is voidable by either party, Damora v. Stresscon Int'l, Inc., 324 So.2d 80 (Fla. 1975), unless the contract involves interstate commerce. Old Dominion Ins. Co. v. Dependable Reinsurance Co., Ltd., 472 So.2d 1365 (Fla. 1st DCA 1985); Donmoor, Inc. v. Sturtevant, 449 So.2d 869 (Fla. 5th DCA 1984); Butcher & Singer, Inc. v. Frisch, 433 So.2d 1360 (Fla. 4th DCA 1983); Stebbins, Inc. v. Nystrum, 422 So.2d 1105 (Fla. 4th DCA 1982); Lipton Professional Soccer, Inc. v. Mijatovic, 416 So.2d 1236 (Fla. 1st DCA 1982). Contracts in interstate commerce fall within the purview of federal law.
Section 2 of the Federal Arbitration Act,[2] enacted pursuant to the commerce clause, U.S. Const. art. I, § 8, cl. 3, "is a congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary. The effect of the section is to create a body of federal substantive law of arbitrability applicable to any arbitration agreement within the coverage of the Act." Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983). The Arbitration Act is enforceable in both state and federal courts, Southland Corp. v. Keating, 465 U.S. 1, 11-12, 104 S.Ct. 852, 858-59, 79 L.Ed.2d 1 (1984). "[I]n enacting § 2 of the federal Act, Congress declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum *196 for the resolution of claims which the contracting parties agreed to resolve by arbitration." Perry v. Thomas, ___ U.S. ___, 107 S.Ct. 2520, 2525, 96 L.Ed.2d 426 (1987), quoting Keating, 465 U.S. at 10, 104 S.Ct. at 858, 79 L.Ed.2d at 12. Nothing in the Act indicates that "the broad principle of enforceability is subject to any additional limitations under state law." Perry v. Thomas, ___ U.S. ___, 107 S.Ct. 2520, 2525, 96 L.Ed.2d 426 (1987), quoting Keating, 465 U.S. at 11, 104 S.Ct. at 858, 79 L.Ed.2d at 12.
The supremacy clause, U.S. Const. art. VI, cl. 2, mandates that federal statutes enacted pursuant to the United States Constitution supersede inconsistent state law; accordingly, any inconsistency between section 682.02 and the Federal Arbitration Act must be resolved in favor of federal law. Because the contract in question involves interstate commerce, see Riverfront Properties, Ltd. v. Max Factor III, 460 So.2d 948, 954 (Fla. 2d DCA 1984), we affirm the trial court's Order Granting Motion to Stay.
Affirmed.
NOTES
[*] Judge Pearson did not participate in oral argument.
[1] Section 682.02, Fla. Stat. (1983), provides:

Arbitration agreements made valid, irrevocable, and enforceable; scope.  Two or more parties may agree in writing to submit to arbitration any controversy existing between them at the time of the agreement, or they may include in a written contract a provision for the settlement by arbitration of any controversy thereafter arising between them relating to such contract or the failure or refusal to perform the whole or any part thereof. Such agreement or provision shall be valid, enforceable, and irrevocable without regard to the justiciable character of the controversy; provided that this act shall not apply to any such agreement or provision to arbitrate in which it is stipulated that this law shall not apply or to any arbitration or award thereunder.
[2] The Federal Arbitration Act, 9 U.S.C. § 2 (1970), provides:

Validity, irrevocability, and enforcement of agreements to arbitrate
A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or inquiry for the revocation of any contract.