**John T. BENESTAD, Plaintiff,**

v.

**INTERSTATE/JOHNSON LAKE CORPORATION, Defendant.**

**No. 90–8247–Civ.**

United States District Court,
S.D. Florida.

Dec. 4, 1990.

---

Stephen Raskin, Miami, Fla., for plaintiff.

Judith M. Korchin, Miami, Fla., for defendant.

## ORDER

GONZALEZ, District Judge.

This cause has come before the Court pursuant to the defendant's motion to compel arbitration. The plaintiff has responded in a timely fashion.

### FACTS

In 1985, plaintiff began employment with the a company that later came to be the defendant. Plaintiff was employed as a stockbroker. In order to transfer his registration and other licenses to his new employer, plaintiff was required to file a Uniform Application for Securities Industries Registration Form ("U–4 Form").

The U–4 Form explicitly stated that plaintiff "agree(d) to arbitrate any dispute, claim or controversy that may arise between (himself) and (his) firm ... that is required to be arbitrated under the rules, constitutions or by-laws of the organizations with which I register...." U–4 Form, page 4, 5; See, Affidavit of Dorothy Sowell, Exhibit 1. Rule 347 of the New York Stock Exchange, with which plaintiff had registered, provides that "[a]ny controversy between a (stockbroker) and any member ... organization arising out of the ... termination of employment of such (stockbroker) by ... such ... member organization shall be settled by arbitration...."

The plaintiff, in his memorandum opposing defendants' motion to compel arbitration, does not dispute that these two provisions apply in this matter.

The defendant fired the plaintiff in 1989. Plaintiff's complaint alleges that the defendant discriminated against plaintiff on the basis of his sex, a Title VII violation. The complaint also states that the termination of plaintiff's employment was an unlawful discriminatory practice within the meaning of the Florida Civil Rights Act.

The movants, the defendants, state that plaintiff's claims arise out of the termination of his employment. Thus, defendant would have this Court rule that plaintiff's claims are subject to arbitration as required by Rule 347 of the New York Stock Exchange.

The plaintiff responds that arbitration of his claims would be inappropriate. The plaintiff states that since his claims are brought under Title VII, a judicial hearing should be held.

### DISCUSSION

A. *The applicability of the Federal Arbitration Act.*

Section 2 of Title 9 of the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* ("FAA") states that "a written provision in any ... contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract ... shall be valid...." The U–4 form filed by plaintiff is clearly an agreement involving commerce. Thus, the Federal Arbitration Act applies to this

agreement. 9 U.S.C. § 2. *See Merrill Lynch, Pierce, Fenner & Smith v. Shubert,* 577 F.Supp. 406, 407 (M.D.Fla.1983). *See also Austin Municipal Securities, Inc. v. National Association of Securities Dealers, Inc.,* 757 F.2d 676, 697 (5th Cir. 1985); *Shearson Hayden Stone, Inc. v. Liang,* 493 F.Supp. 104, 106 (N.D.Ill.1980); *Butcher & Singer, Inc. v. Frisch,* 433 So.2d 1360, 1361 (Fla. 4 D.C.A.1983).

### B. *This Court's Jurisdiction.*

■ This Court is well versed in the area of arbitration proceedings. In *O.R. Securities, Inc. v. Professional Planning Associates, Inc.,* 857 F.2d 742, 746 (11th Cir.1988), *citing Wilko v. Swan,* 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953), the undersigned, sitting by designation, noted that one purpose of arbitration is to relieve congestion in the courts.

It is precisely with these concerns that the Court notes that the parties in this case may have an opportunity to resolve their differences without the need for judicial intervention, and without the constraints of this Court's already crowded docket. Arbitration presents these parties with the option of resolving their dispute quickly.

If the parties fully participate in the arbitration proceedings, this Court will then have the jurisdiction to confirm the arbitrator's ruling. 9 U.S.C. §§ 1, 9; *Booth v. Hume Pub., Inc.,* 902 F.2d 925, 929–930 (11th Cir.1990). Therefore, arbitration agreements such as this one do not appear to preclude access to a judicial forum. *Nicholson v. CPC Intern, Inc.,* 877 F.2d 221, 224 (3d Cir.1989), *citing, Barrentine v. Arkansas–Best Freight System, Inc.,* 450 U.S. 728, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981) (analysis under Fair Labor Standards Act); *McDonald v. City of West Branch,* 466 U.S. 284, 104 S.Ct. 1799, 80 L.Ed.2d 302 (1984) (analysis under 42 U.S.C. § 1983); *Alexander v. Gardner–Denver Co.,* 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974) (analysis under Title VII of the Civil Rights Act of 1964).

### C. *The Supreme Court's Review of Arbitration Provisions.*

#### 1. *The Supreme Court's recent warming towards arbitration.*

In three cases, the United States Supreme Court has directed that disputes be arbitrated and rejected contentions that underlying federal law required litigation. It appears to this Court that the Supreme Court is discarding its earlier reluctance to order arbitration of statutory claims.

*Mitsubishi v. Soler Chrysler–Plymouth Inc.,* 473 U.S. 614, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985), enforced an arbitration agreement in a joint venture with the result that claims under American antitrust law were arbitrated in Japan. *Shearson/American Express, Inc. v. McMahon,* 482 U.S. 220, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987), held that claims under the Securities Exchange Act of 1934 and the SEC's Rule 10(b)–5 were arbitrable. Finally, *Rodriguez de Quijas v. Shearson/American Express, Inc.,* 490 U.S. 477, 109 S.Ct. 1917, 104 L.Ed.2d 526 (1989), held that claims under the Securities Act of 1933 were arbitrable.

The Supreme Court has emphasized that the FAA "establishes a 'federal policy favoring arbitration,'" *McMahon,* 107 S.Ct. at 2337, *quoting, Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983), which is "a policy guaranteeing the enforcement of private contractual agreements." *Mitsubishi,* 473 U.S. at 625, 105 S.Ct. at 3353. However, arbitration under the FAA will be defeated when it is "overridden by a contrary congressional command" in another statute. *McMahon,* 107 S.Ct. at 2337.

#### 2. *Title VII and Arbitration in two Circuit Courts.*

■ Two circuit courts of appeal, however, have held that Title VII claims preclude arbitration, and the claims must be litigated in Federal Court. This Court must follow their rationale.

The First Circuit in *Utley v. Goldman Sachs & Co.,* 883 F.2d 184 (1st Cir.1989), held that because Congress did not indicate an intention to preclude a waiver of judicial

remedies in Title VII cases, the district court acted in its discretion in declining to stay pending arbitration. *Utley*, 883 F.2d at 186–187. The Eighth Circuit in *Swenson v. Management Recruiters International, Inc.*, 858 F.2d 1304, 1307–1309 (8th Cir.1988) also held that the passage of Title VII was with the congressional intent that "arbitration is unable to pay sufficient attention to the transcendent public interest in the enforcement of Title VII," and declined to uphold the district court's decision to arbitrate the Title VII claims.[1]

Title VII was enacted to afford victims of sex discrimination an opportunity for judicial redress. The intended forum was federal court. *Alexander v. Gardner–Denver Co.*, 415 U.S. 36, 56, 94 S.Ct. 1011, 1023, 39 L.Ed.2d 147 (1974). Plaintiff alleges that he was discriminated against because of his sex. This Court is not in the position to take the plaintiff's judicial forum away from him.

### 3. Arbitration in an Age Discrimination Case.

In contrast to *Utley* and *Swenson*, the Fourth Circuit in *Gilmer v. Interstate/Johnson Lane Corp.*, 895 F.2d 195, 196–197 (4th Cir.1990), upheld an agreement to arbitrate under the Age Discrimination in Employment Act of 1967, stating that "nothing in the text, legislative history, or underlying purposes of the Act indicat[ed] a congressional intent to preclude enforcement of arbitration agreements." The Fourth Circuit further reasoned that

"(a)rbitration is nowhere mentioned in the text of the statute, and '[t]his silence in the text is matched by silence in the statute's legislative history.' " *Id.* at 197, *quoting, McMahon*, 107 S.Ct. at 2344.

This Court, in reviewing prior case law concerning arbitration of claims under Title VII such as the case at bar, realizes that courts have noted a similar absence of arbitration provisions in Title VII. It is not in this Court's discretion, however, to assume that the Congressional intent in combating age discrimination in the workplace is similar to that behind sex discrimination in the workplace. The Court, therefore, will not stretch the rationale behind this age discrimination case to the instant sex discrimination case.

### 4. Arbitration and Title VII.

In *Alexander v. Gardner–Denver Co.*, 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974), the Supreme Court dealt with the employment dispute of a member of a union that had entered into an arbitration agreement as part of a collective bargaining agreement. *Alexander*, 415 U.S. at 39, 94 S.Ct. at 1015. The Court was fearful that since this was not a private agreement, the interests of the individual would be subordinated to the collective interests of all union members. *Id.* at 58, 94 S.Ct. at 1024. *See also, Utley*, 883 F.2d at 187 (declining to distinguish *Alexander* on the grounds that *Alexander* dealt with an arbitration provision in a collective bargaining

---

**1.** The Court notes that the *Utley* and *Swenson* courts did not point to anything in the legislative history or the text of Title VII to support these conclusions. Indeed, the "silence in the text is matched by silence in the statute's legislative history." *McMahon*, 107 S.Ct. at 2344; *Gilmer*, 895 F.2d at 197. "Ordinarily, 'Congress' silence is just that—silence.' " *Community for Creative Non–Violence v. Reid*, 490 U.S. 730, 109 S.Ct. 2166, 2177, 104 L.Ed.2d 811 (1989), *quoting Alaska Airlines, Inc. v. Brock*, 480 U.S. 678, 107 S.Ct. 1476, 1481, 94 L.Ed.2d 661 (1987).

The Court also notes that *Utley* and *Swenson* were decided before the Supreme Court remanded a case entitled *Bird v. Shearson/Lehnman–American Express, Inc.*, 871 F.2d 292 (2d Cir.), *rev'd and remanded,* —— U.S. ——, 110 S.Ct. 225, 107 L.Ed.2d 177 (1989) for future

considerations in light of *de Quijas.* In *Bird,* the Second Circuit held that a statutory claim under the Employment Retirement Income Security Act ("ERISA") was not subject to compulsory arbitration. *Bird,* 871 F.2d at 298. As the Court in *de Quijas* reasoned, "[b]y agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than judicial form." *de Quijas,* 109 S.Ct. at 1920, *quoting, Mitsubishi,* 473 U.S. at 628, 105 S.Ct. at 3354. *See also, Roe v. Kidder, Peabody and Co., Inc.,* No. 88 CIV 8507 (CSH), 1990 WL 52200 (S.D.N.Y. April 18, 1990) *reported in* 53 EPD 62,425 (CCH 1990).

These facts, however, do not persuade the Court that Title VII plaintiffs can be subject to an arbitration panel, and not where they were intended to be heard, an Article III forum.

agreement and not an individual contract).[2]

The *Alexander* Court held, however, that because Title VII's purposes and procedures indicate that Congress intended federal courts to preside over Title VII actions. *Alexander*, 415 U.S. at 56, 94 S.Ct. at 1023. Further, the *Utley* court reasoned that "the Supreme Court has done nothing to disturb its prior ruling in *Alexander [v. Gardner–Denver Co.*, 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974)] that arbitration agreements do not preclude an independent right of access to a judicial forum for resolution of Title VII claims." *Utley*, 883 F.2d at 186. *See also, Nicholson*, 877 F.2d at 224. This Court can interpret that statement to mean that although a party may agree to seek arbitration, the party with a Title VII claim is entitled to the review of an Article III court.

The Court has reviewed the motion, the record, and the being otherwise duly advised, it is hereby:

ORDERED and ADJUDGED that the defendants' motion be DENIED. The defendants shall file their answer to the plaintiff's complaint within twenty (20) calendar days from the date of this Order.

DONE AND ORDERED.

---

**2.** The Court notes that the concerns of the *Alexander* Court do not apply here. The case at bar involves a private agreement between plaintiff and his former employer. The instant plaintiff agreed to the arbitration provision himself. *See also, Roe v. Kidder, Peabody and Co., Inc.*, No. 88 CIV 8507 (CSH) (S.D.N.Y. April 18, 1990) *reported in* 53 EPD 62,425 (CCH 1990).