PER CURIAM.
This is an appeal by the defendant/seller ESAB Automation, Inc. from a non-final order denying its motion to compel arbitration in an action brought by the plaintiff/buyer Hesco Sales, Inc. for breach of contract and breach of warranties arising from the sale of a robotic welder. We have jurisdiction to entertain this appeal and reverse. Art. V, § 4(b)(1), Fla. Const.; Fla.R.App.P. 9.130(a)(3)(C)(v).
First, it is undisputed on this record that the parties to the purchase and sale agreement herein agreed to arbitrate any controversy or claim arising from their agreement, which arbitration was to take place in Fort Collins, Colorado. All agree that the Florida Arbitration Act is inapplicable because the contracted-for arbitration was to take place outside of Florida. Trojan Horse, Inc. v. Lakeside Games, 526 So.2d 194 (Fla. 3d DCA 1988); Donmoor, Inc. v. Sturtevant, 449 So.2d 869 (Fla. 5th DCA 1984); Butcher & Singer, Inc. v. Frisch, 433 So.2d 1360 (Fla. 4th DCA 1983).
Second, we conclude that the instant controversy involves interstate commerce, and that accordingly the United States Arbitration Act [Federal Arbitration Act], 9 U.S.C. § 2 (1970), governs the contracted-for arbitration and requires that the instant controversy be arbitrated in Fort Collins, Colorado. We reach this result because this record establishes, without material dispute, that the robotic welder purchased by the plaintiff was shipped to Florida from the defendant’s place of business in Fort Collins, Colorado, in response to the plaintiff’s order for same. After the plaintiff placed its order in Florida for the robotic welder, John Bergen [the regional sales manager for the defendant in Fort Collins, Colorado] responded by a letter from the defendant’s Fort Collins plant, acknowledging the purchase order, stating that the order had been entered in the defendant’s production schedule, and inviting the plaintiff’s president “to come out to our plant to see your system in operation before it ships.” The welder was then shipped as promised to the plaintiff in Florida, and thereafter correspondence ensued between the plaintiff’s president in Florida and Mr. Bergen in Fort Collins, Colorado, when the welder did not allegedly perform as warranted. The warranty itself provided that the welder was to be shipped back to the *811 defendant’s plant in Fort Collins, Colorado in the event the defendant was required to make good on the warranty. Nothing in the plaintiffs affidavit filed below contradicts any of the above facts. United Servs. Gen. Life Co. v. Bauer, 568 So.2d 1321 (Fla. 2d DCA 1990); Trojan Horse, Inc. v. Lakeside Games, 526 So.2d 194 (Fla. 3d DCA 1988).
The non-final order under review is reversed and the cause is remanded to the trial court with directions to grant the defendant’s motion to compel arbitration.