809 So.2d 895 (2002)
Jim JENSEN, Appellant,
v.
Mark RICE, The Spring Football, League, a Delaware Corp., SFL FL, Inc. d/b/a The Miami Tropics, a Florida Corp., Primex Capital, and Sierra Grill, Inc., a Texas Corp., Appellees.
No. 3D01-690.
District Court of Appeal of Florida, Third District.
March 13, 2002.
*897 Harke & Clasby and Lance A. Harke and David J. Maher, Miami, for appellant.
Mark Rice and Craig H. Cavalier, for appellees.
Before SCHWARTZ, C.J., and COPE and SORONDO, JJ.
PER CURIAM.
Jim Jensen appeals the trial court's nonfinal order granting Appellees' motion for stay pending arbitration. We affirm in part and reverse in part.

I. FACTS
Jensen entered into an employment agreement with SFL FL, Inc. d/b/a The Miami Tropics (the Miami Tropics) to provide his services as head coach and general manager for the Miami Tropics, a professional football team. The Miami Tropics was to play games throughout the country as part of the Spring Football League (the SFL). Mark Rice (Rice), the president of the Miami Tropics and owner of the SFL, signed the employment agreement on behalf of the Miami Tropics as its president. The agreement provides in relevant part:
18. Arbitration. Any dispute, difference or controversy arising under this Agreement and involving the payment of money shall be settled by arbitration... Any arbitration shall take place in the Southern District of the State of New York, or at such other location as the parties may agree upon, according to the American Arbitration Association's Commercial Arbitration Rules now in force and hereafter adopted.
. . . .
24. Governing Law. This Agreement shall be governed by and construed under the laws of the State of Delaware.
In July 2000, Jensen terminated the employment agreement. He requested that the SFL, the Miami Tropics and Rice stop *898 using his name and likeness in promotional activities for the football league, a right that he had granted to the SFL and the Miami Tropics under the agreement.
In November 2000, Jensen filed a three-count complaint against the SFL, the Miami Tropics, Rice, Primex Capital, and Sierra Grill (collectively, Appellees), seeking damages and injunctive relief. Count I of the complaint alleges a cause of action against the Miami Tropics for breach of the employment agreement. Count II is a cause of action against all the Appellees, alleging that Jensen was fraudulently induced to enter into the agreement.[1] Count III alleges that the SFL, the Miami Tropics and Rice misappropriated Jensen's name and picture in violation of section 540.08, Florida Statutes (2000).
In response to the complaint, Appellees filed a Motion to Dismiss and/or Stay Pending Arbitration, in which they argued that the United States Arbitration Act [the Federal Arbitration Act], 9 U.S.C. §§ 1-14, required that all of the claims be sent to arbitration. The trial court granted the motion to stay, and entered an order directing the parties to arbitrate all claims in Miami Dade County.[2] This appeal ensued.
The SFL has since filed a suggestion of bankruptcy, pursuant to the United States Bankruptcy Code, 11 U.S.C. § 362, in lieu of an answer brief.[3]

II. ANALYSIS
Jensen contends that under Florida law, the arbitration clause under review is voidable and unenforceable because it provides for arbitration in a foreign jurisdiction (New York) and under the laws of another state (Delaware). Furthermore, he argues that the agreement is not enforceable under the Federal Arbitration Act. While we agree that the arbitration agreement between Jensen and the Miami Tropics is unenforceable and voidable under Florida law, § 682.02, Florida Statutes (2001); Damora v. Stresscon Int'l, Inc., 324 So.2d 80, 81-82 (Fla.1975); Knight v. H.S. Equities, Inc., 280 So.2d 456, 459 (Fla. 4th DCA 1973), we find the agreement is enforceable under the Federal Arbitration Act.

A. Applicability of the Federal Arbitration Act
Section 2 of the Federal Arbitration Act provides that "a contract evidencing a transaction involving commerce[4] to settle by arbitration a controversy thereafter arising out of such contract or transaction ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The section manifests a liberal federal policy favoring arbitration agreements. Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). "The effect of the section is to create a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act." Id.
*899 The Act, which was enacted pursuant to the commerce clause of the United States Constitution, supercedes inconsistent state law. U.S. Const., art. VI, cl. 2; Southland Corp. v. Keating, 465 U.S. 1, 11-12, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984); Trojan Horse, Inc. v. Lakeside Games, 526 So.2d 194, 195-96 (Fla. 3d DCA 1988). As a result, Florida courts must enforce arbitration agreements that are valid and enforceable under the Federal Arbitration Act, even where, as here, the arbitration agreement would not be enforceable under Florida law. Southland Corp., 465 U.S. at 1, 104 S.Ct. 852; Moses H. Cone Memorial Hosp., 460 U.S. at 1, 103 S.Ct. 927; Trojan Horse, 526 So.2d at 195; Old Dominion Ins. Co. v. Dependable Reinsurance Co., Ltd., 472 So.2d 1365, 1367 (Fla. 1st DCA 1985).
In this case, we find the employment agreement is covered within the provisions of the Federal Arbitration Act, given the interstate business involved. The agreement required Jensen to serve as head coach and general manager of a football team in a professional league, the purpose of which was to provide football games throughout the country. As such, the employment agreement is a subject of interstate commerce within the Federal Arbitration Act. See Radovich v. National Football League, 352 U.S. 445, 77 S.Ct. 390, 1 L.Ed.2d 456 (1957)(holding that volume of interstate business involved in organized professional football places it within provisions of antitrust laws); Erving v. Virginia Squires Basketball Club, 468 F.2d 1064 (2d Cir.1972) (holding that basketball player's contract to play for professional club was contract evidencing transaction involving commerce within Federal Arbitration Act).

B. Interpretation of the Arbitration Clause
Having determined that the Federal Arbitration Act governs the agreement, we must now decide whether the parties agreed to arbitrate the claims raised in the complaint. Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985); see Seifert v. U.S. Home Corp., 750 So.2d 633, 636 (Fla.1999). In doing so, we are mindful of the federal policy favoring arbitration, and recognize that any doubts concerning the scope of an arbitration clause should be resolved in favor of arbitration. Volt Info. Sciences, Inc. v. Board of Trustees of Leland Stanford Junior Univ., 489 U.S. 468, 476, 109 S.Ct. 1248, 103 L.Ed.2d 488 (1989); Moses H. Cone Memorial Hosp., 460 U.S. at 24-25, 103 S.Ct. 927. Thus, in interpreting an arbitration clause, "as with any other contract, the parties' intentions control, but those intentions are generously construed as to issues of arbitrability." Mitsubishi Motors, 473 U.S. at 626, 105 S.Ct. 3346.
Here, the parties agreed to submit to arbitration "any dispute, difference or controversy arising under [the] Agreement and involving the payment of money." In light of the presumption favoring arbitration and the language used in the clause, count I for breach of contract clearly falls within the scope of the arbitration agreement.[5] Likewise, we find Jensen's fraudulent inducement claim under count II, which is directed at the entire contract, not at the arbitration clause itself, is within the scope of the clause and should be resolved by arbitration as it relates to the Miami Tropics. See Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967); Medident *900 Constr., Inc. v. Chappell, 632 So.2d 194 (Fla. 3d DCA 1994); Manning v. Interfuture Trading, Inc., 578 So.2d 842 (Fla. 4th DCA 1991); Gregory v. Electro Mechanical Corp., 83 F.3d 382 (11th Cir.1996). However, the injunctive relief that Jensen's seeks under count III does not fall within the scope of the arbitration clause, as it does not involve the payment of money. Thus, Jensen's claim for injunctive relief is not subject to arbitration.

C. Non-signatories' entitlement to arbitration
The remaining question is whether the non-signatories to the agreement are entitled to arbitrate the claims raised against them.
While there are certain limited exceptions that allow non-signatories to an agreement to compel arbitration, namely: equitable estoppel, agency or related principles concerning signatory defendants and non-signatory defendants, and third-party beneficiary relationships, MS Dealer Serv. Corp. v. Franklin, 177 F.3d 942, 947 (11th Cir.1999), we do not find any of these applicable to this case. See Id.; Maryland Cas. Co. v. State Dep't of Gen. Services, 489 So.2d 57, 58 (Fla. 2d DCA 1986) (third party is an intended beneficiary only if parties to contract intended to primarily and directly benefit that third party). Thus, Appellees, Rice, in his individual capacity, Primex Capital and Sierra Grill are not entitled to enforce the arbitration clause in the employment agreement.
With regard to the SFL, the company's filing for bankruptcy operates as an automatic stay. 11 U.S.C. § 362. Accordingly, this appeal is stayed as to the SFL.

III. CONCLUSION
In conclusion, we affirm the trial court's order, insofar as we find the arbitration clause is valid and enforceable under the Federal Arbitration Act, as to counts I and II for breach of contract and fraudulent inducement against the Miami Tropics. We reverse that part of the order that sends to arbitration Jensen's claim for injunctive relief since that claim does not fall within the scope of this arbitration clause. With regard to the remaining Appellees, we reverse the order as to Rice, Primex Capital and Sierra Grill, and stay the appeal as to the SFL.
Affirmed in part, reversed in part.
NOTES
[1] The complaint alleges that Rice used the accounts of Primex Capital and Sierra Grill to effectuate the fraudulent inducement by using those accounts to transfer money to Jensen and other vendors.
[2] Although the trial court did not specify the reasons for granting the motion to stay and ordering arbitration, implicit in its ruling is the applicability of the Federal Arbitration Act.
[3] Appellees, Rice, the Miami Tropics, Primex Capital and Sierra Grill, were precluded from filing an answer brief after failing to heed this Court's order directing them to file same within a specified period of time.
[4] Congress has defined commerce as commerce among the several States. 9 U.S.C. § 1.
[5] Jensen concedes that if the arbitration clause is held valid, counts I and II are subject to arbitration.