847 So.2d 991 (2003)
ASSURANCEFORENINGEN SKULD (GJENSIDIG), and Skuld Mutual Protection and Indemnity Association (Bermuda), Ltd., Appellants,
v.
APOLLO SHIP CHANDLERS, INC., Sun Holiday Cruise Services, Inc., Discovery Sun Partnership, and Discovery Dawn Partnership, Appellees.
Nos. 3D02-2385, 3D02-2245.
District Court of Appeal of Florida, Third District.
March 19, 2003.
Rehearing, Rehearing and Certification Denied June 18, 2003.
*992 Hill, Betts & Nash, and Frank H. Loomis; Akerman Senterfitt, and Nina K. Brown, Miami, Anthony J. Cuva, Tampa, Jennifer Cohen Glasser and Antonio D. Morin, for appellants.
Schulte & Bisbing, and John H. Schulte, Miami, and Stephen S. Bodden, for appellees.
Before COPE, GERSTEN, and FLETCHER, JJ.
Rehearing, Rehearing En Banc and Certification Denied June 18, 2003.
PER CURIAM.
Assuranceforeningen Skuld (Gjensidig) and Skuld Mutual Protection and Indemnity Association (Bermuda), Ltd. ("Skuld") appeal a trial court's order staying arbitration as well as a trial court's order denying Skuld's motion to compel arbitration. We reverse because the arbitration agreement is enforceable under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq.
Skuld is a protection and indemnity ("P & I") club which provides P & I insurance coverage to ship owners and charterers. Appellees, Apollo Ship Chandlers, Inc., Sun Holiday Cruise Services Inc., Discovery Sun Partnership and Discovery Dawn Partnership (collectively "Apollo"), as the insured under a Skuld policy, sought coverage of a maritime claim filed by one of its former employees, Evaristo Alvarez.[1] Skuld disclaimed coverage of Mr. Alvarez's claim and referred the resultant coverage dispute to arbitration in Oslo, Norway, pursuant to arbitration clauses contained in the P & I policies.
Both the employee and Apollo filed cross-claims against Skuld under the P & I policies after Skuld's refusal to cover the claims. Thereafter, Apollo moved to stay the pending arbitration in Oslo and Skuld moved to compel arbitration in Oslo, pursuant to the parties' agreements. The trial court granted Apollo's motion to stay *993 the Oslo arbitration and denied Skuld's motion to compel arbitration. This appeal followed.
Skuld asserts that arbitration should be compelled because Florida law does not apply to the dispute and the arbitration agreement is enforceable under the FAA and governed by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, ("Convention"), adopted by and incorporated as Chapter Two of the Federal Arbitration Act, 9 U.S.C. §§ 201-208.
Apollo contends that the dispute is subject to Florida law rather than the FAA; and further contends that under Florida law, insurance coverage disputes cannot be arbitrated. See State Farm Fire & Cas. Co. v. Licea, 685 So.2d 1285 (Fla.1996)(insurance disputes are to be decided by the courts rather than arbitrators). Apollo also contends that the McCarran-Ferguson Act, 15 U.S.C. § 1011 et seq. supports this argument. We disagree.
Under the McCarran-Ferguson Act, a federal provision which regulates insurance is reversely preempted or superceded by any conflicting state provision. Although federal legislation is normally supreme to state legislation, the McCarran-Ferguson Act provides that state legislation takes precedence over federal legislation for the purpose of regulating the business of insurance. The McCarran-Ferguson Act does not apply in the present case because the parties' dispute involves foreign commerce. See Antillean Marine Shipping Corp. v. Through Transp. Mut. Ins., Ltd., No. 02-22196, 2003 A.M.C. 251 (S.D.Fla. October 31, 2002).
In Antillean, the insured argued that arbitration could not be compelled because, pursuant to the McCarran-Ferguson Act, Florida law reversely preempts the FAA and the Convention. The Southern District Court of Florida rejected the insured's argument and held:
[R]everse preemption under the McCarran-Ferguson Act, 15, U.S.C. § 1011, et. seq. does not apply here as the McCarran-Ferguson Act does not apply to international insurance contracts made under the Convention.... Accordingly, the Court finds that the McCarran-Ferguson Act does not provide the basis for which to apply Florida law to preclude arbitration in this case.
Antillean Marine Shipping Corp., No. 02-22196 at * 6-7. The McCarran-Ferguson Act does not apply to contracts made under the Convention because the Act was intended to apply only to interstate commerce, and not foreign commerce. See McDermott Int'l, Inc. v. Underwriters at Lloyd's London Subscribing to Memorandum of Ins. No. 104207, 1992 WL 37695 (E.D.La.1992); Matter of an Arbitration Between England Ship Owners Mut. Ins. Ass'n (Luxembourg) and American Marine Corp., 1992 WL 37700 (E.D.La.1992). As this case involves foreign commerce rather than interstate commerce, the McCarran-Ferguson Act does not provide the basis for which to apply Florida law to preclude arbitration.
Having determined that Florida law does not apply, we now look to resolve whether the arbitration agreement is enforceable under the FAA. There are four questions which a court must answer to determine whether a dispute is subject to the FAA and the Convention:
(1) is there an agreement in writing to arbitrate the subject dispute?; (2) does the agreement provide for arbitration in the territory of a signatory of the Convention?; (3) does the agreement arise out of a legal relationship, whether contractual or not, which is considered as commercial?; and (4) is a party to the *994 agreement not an American citizen, or does the commercial relationship have some reasonable relation with one or more foreign states?
Benefit Ass'n Int'l, Inc., v. Mount Sinai Comprehensive Cancer Ctr., 816 So.2d 164 (Fla. 3d DCA 2002); see Sedco, Inc. v. Petroleos Mexicanos Mexican Nat'l Oil Co. (Pemex), 767 F.2d 1140 (5th Cir.1985); Ledee v. Ceramiche Ragno, 684 F.2d 184, 186-7 (1st Cir.1982). If all four elements are satisfied, then the contract is subject to the provisions of the FAA and a court must order arbitration.
The written agreement between Skuld and Apollo contains a provision which dictates that any disputes between the parties would be arbitrated in Oslo, Norway, a signatory to the Convention. In addition, the agreement arose out of a legal, commercial relationship and one of the parties, Skuld, is not an American citizen. Thus, each of the four elements is satisfied and the P & I policies are subject to both the FAA and the Convention. See Benefit Ass'n Int'l, Inc., 816 So.2d at 168.
Accordingly, the FAA, rather than Florida law controls this case. "Florida courts must enforce arbitration agreements that are valid and enforceable under the Federal Arbitration Act, even where, as here, the arbitration agreement would not be enforceable under Florida law." See Jensen v. Rice, 809 So.2d 895 (Fla. 3d DCA 2002) (citations omitted).
Since the FAA is not superceded by Florida law, the trial court erred in denying Skuld's motion to compel arbitration and in granting Apollo's motion to stay arbitration. We reverse the order below based upon our finding that the agreement is enforceable under the FAA.
Reversed.
NOTES
[1] Mr. Alvarez's claims against Skuld and Apollo are not at issue in this appeal and are still pending in the trial court.