992 So.2d 442 (2008)
DEFAULT PROOF CREDIT CARD SYSTEMS, INC., etc. and Vincent Cuervo, etc., Appellants,
v.
David Kenneth FRIEDLAND, etc.; Leslie Jean Lott, etc.; Lott & Friedland, P.A., a Florida corporation; Sanchelima & Associates, P.A., a Florida corporation; Jesus Sanchelima, etc.; Raymond P. Niro, individually, and Niro, Scavone, Haller & Niro, etc., Appellees,
Default Proof Credit Card Systems, Inc., etc. and Vincent Cuervo, etc., Appellants,
v.
Raymond P. Niro, individually, and Niro, Scavone, Haller & Niro, etc., Appellees.
Nos. 3D07-2785, 3D07-1845.
District Court of Appeal of Florida, Third District.
Rehearing Denied October 27, 2008.
September 17, 2008.
*443 John H. Faro, Key Biscayne; Alvarez, Armas & Borron and Jorge C. Borron, Coral Gables, for appellants.
Feldman Gale and Samuel A. Lewis and Richard Guerra, Miami, for appellees David Kenneth Friedland, Leslie Jean Lott, Lott & Friedland; Sanchelima & Associates and Jesus Sanchelima; Tanner & Lehman and Mathew D. Tanner and Richard H. Lehman, Chicago; Steven H. Kassner, for appellees Raymond P. Niro and Niro, Scavone, Haller & Niro.
Before GREEN, SUAREZ, and CORTIÑAS, JJ.
SUAREZ, J.
Default Proof Credit Card Systems, Inc. ("Default Proof"), and Vincent Cuervo appeal non-final orders granting defendants' Motion to Stay and to Compel Arbitration in Chicago, Illinois, and denying limited discovery. We affirm the trial court's orders that arbitration take place in Chicago pursuant to the Federal Arbitration Act.
On July 3, 2002, Vincent Cuervo, as CEO of Default Proof, entered into an Agreement with Raymond Niro,[1] a Florida attorney, and Niro's Chicago law firm to represent both Default Proof and Cuervo in the licensing and enforcement of United States patents directed to Cuervo's inventions for automated dispensing of prepaid credit cards.[2] The Agreement provided that it would be construed under the laws of the State of Illinois and that any claim arising out of the representation of Default Proof for professional negligence or malpractice would be resolved in Chicago, Illinois, through arbitration.[3]
Niro retained the law firm of Lott & Friedland, Inc., licensed to practice law in Florida, to file an action to enforce the patents in the Federal District Court of the Southern District of Florida. The complaint was summarily dismissed by the Federal District Court because of defects in the description of the inventions. Cuervo and Default Proof then sued Raymond P. Niro, the Niro law firm, the Lott & Friedland law firm, and Lott and Friedland, individually, for professional malpractice. Default Proof moved to compel limited discovery on venue as related to the arbitration clause. The trial court denied the motion for limited discovery. The Niro law firm, joined by Lott & Friedland, collectively and individually, moved to stay and to compel the submission of the case to arbitration in Chicago, Illinois. The *444 trial court granted the motion and ordered the cause to arbitration in Chicago, Illinois. Cuervo and Default Proof have filed this appeal seeking review of the non-final orders granting Appellees' Motion to Stay and Compel Arbitration and denying limited discovery.
We agree with the trial court that, under Florida law, arbitration should be compelled under the Federal Arbitration Act ("FAA") in Chicago, Illinois. We arrive at this decision through a series of analytical steps. First, we reject Appellants' contention that Florida courts cannot enforce the Agreement's choice of law provision applying Illinois law. Florida courts are required to enforce choice of law provisions in contracts unless the law of the foreign state contravenes the strong public policy of Florida or is unjust or unreasonable. See Mazzoni Farms Inc. v. E.I. DuPont De Nemours & Co., 761 So.2d 306 (Fla.2000) (holding that contractual choice-of-law provisions are presumptively valid and enforceable in Florida unless the law of the chosen forum contravenes strong public policy). Appellants have failed to present any such proof and the choice of law provision is, therefore, valid and enforceable.
Even though the Agreement's choice of law provision is valid and enforceable, the next issue is whether Florida courts have the authority to enforce the arbitration provision of the Agreement where the provision states that any controversy arising out of the Agreement shall be arbitrated pursuant to Illinois law and in Chicago, Illinois. The answer to this question is that Florida courts do not have the authority to require arbitration where the arbitration agreement requires the application of the law of another state. See § 682.02, Fla. Stat. (2007)[4]; cf. Trojan Horse, Inc. v. Lakeside Games, 526 So.2d 194 (Fla. 3d DCA 1988). However, there is an exception. Where the FAA applies to the agreement, the arbitration provision is enforceable by Florida courts. See Jensen v. Rice, 809 So.2d 895 (Fla. 3d DCA 2002). Federal law mandates that agreements and contracts containing arbitration provisions which involve interstate commerce fall within the scope of the FAA. 9 U.S.C. §§ 1, 2 (2008).[5] When underlying contracts involve interstate commerce, agreements to arbitrate under the law of another state are enforceable in Florida under the FAA. Jensen v. Rice, 809 So.2d at 898 (applying Florida law and holding that arbitration clause providing for arbitration in foreign jurisdiction and under laws of another state enforceable in Florida under the FAA); Trojan Horse, Inc. v. Lakeside Games, 526 So.2d at 194; Butcher *445 & Singer, Inc. v. Frisch, 433 So.2d 1360 (Fla. 4th DCA 1983) (finding that trial court correctly enforced arbitration agreement under FAA where contract involved interstate commerce). The next question is whether the FAA applies to the Agreement. The FAA would apply if the Agreement involves interstate commerce.
In interpreting section 2 of the United States Code, the term "commerce," as used in section 2 of the FAA, means interstate commerce. See 9 U.S.C. § 1 ("Commerce,' as herein defined, means commerce among the several States...."). The Supreme Court has interpreted the phrase "involving commerce" to mean a transaction that, in fact, involves interstate commerce, even if the parties did not contemplate an interstate commerce connection. Allied-Bruce Terminix Cos. v. Dobson, 513 U.S. 265, 281, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995); Sims v. Clarendon Nat'l Ins. Co., 336 F.Supp.2d 1311, 1317 (S.D.Fla.2004). In this case, we find that the Arbitration Agreement is governed under the FAA, given the interstate commerce involved. Allied-Bruce, 513 U.S. at 277, 115 S.Ct. 834; Jensen, 809 So.2d at 897. Default Proof hired Niro and his Chicago law firm to bring a patent enforcement action, which concerns a federal question. Because patent enforcement concerns interstate activity against infringers of patents, the lawsuit is federal in nature and properly filed in the Southern District Court in Florida. These activities involve substantial interstate activity, including representation by members of the Bar of different states, a question subject to federal interpretation under the FAA, enforcement of the patents on a national basis, signatories to the Agreement being located in different states and an Illinois contract to be enforced in Florida. The arbitration provision in the Agreement comes within the scope of the FAA. See Allied. Because interstate commerce was involved, whether or not it was contemplated by the parties at the time of entering into the Agreement, see Allied, the Agreement providing for arbitration under the FAA in Chicago, Illinois, is valid and enforceable by Florida courts. Mazzoni; Jensen; Trojan Horse, Inc.; Butcher & Singer, Inc. The trial court was correct in so ruling and in staying the action and compelling arbitration under the FAA in Chicago, Illinois.[6]
The order below is affirmed in all respects.[7]
NOTES
[1] Niro was living in Florida at the time he entered into the Agreement, but was not authorized to practice law in Florida as he was not a member of The Florida Bar until a later date.
[2] The patents in question had been assigned by Cuervo to Default Proof.
[3] The Agreement reads in pertinent part:

9. This Agreement shall be construed under the laws of the State of Illinois and any disputes concerning the Agreement, our fees or that relate in any way to our representation of Default Proof, including any claims for professional negligence or malpractice, shall be resolved in Chicago, Illinois through a summary, low-cost procedure in which we will jointly appoint a qualified arbitrator who specializes in such matters to promptly resolve any disputes through arbitration, whose decision shall be final and binding upon the parties.
[4] Section 682.02, Florida Statutes (2007) provides:

Two or more parties may agree in writing to submit to arbitration any controversy existing between them at the time of the agreement, or they may include in a written contract a provision for the settlement by arbitration of any controversy thereafter arising between them relating to such contract or the failure or refusal to perform the whole or any part thereof ... Such agreement or provision shall be valid, enforceable, and irrevocable without regard to the justiciable character of the controversy; provided that this act shall not apply to any such agreement or provision to arbitrate in which it is stipulated that this law shall not apply or to any arbitration or award thereunder.
(emphasis supplied)
[5] The Federal Arbitration Act, 9 U.S.C. § 2 (2008), provides:

A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.
[6] Non-signatories to the Agreement such as Lott and Friedland have standing to compel arbitration. See Morales v. Perez, 952 So.2d 605 (Fla. 3d DCA 2007).
[7] We find no merit to the Appellants' contention that the Agreement was procedurally or substantively unconscionable.