324 So.2d 80 (1975)
Robert DAMORA, Petitioner,
v.
STRESSCON INTERNATIONAL, INC., a Florida Corporation, et al., Respondents.
No. 45553.
Supreme Court of Florida.
November 12, 1975.
Rehearing Denied January 23, 1976.
*81 Jackson L. Peters of Knight, Peters, Hoeveler, Pickle, Niemoeller & Flynn, and Jeanne Heyward, Miami, for petitioner.
John F. Howard of Howard, Camillo & Payne, Fort Lauderdale, for respondents.
OVERTON, Justice.
The petitioner, Damora, is a New York architect who is seeking to enforce, pursuant to Section 682.03, Florida Statutes, a contract provision requiring arbitration in a foreign jurisdiction, specifically New York City, New York.
Petitioner-Damora and the respondents-Givotovskys entered into a standard form American Institute of Architects (AIA) contract providing for the petitioner to design and supervise construction of a residence in Florida for the respondents. Respondents, who are the real parties in interest in this proceeding, filed a third party complaint alleging that the petitioner negligently prepared plans and specifications and negligently supervised construction, resulting in damages to the respondents.
The contract between the parties was the "standard form of agreement between owner and architect," which included an arbitration provision as Condition 12. An addendum to Condition 12 was added to the contract, which provided that the arbitration would be in New York City, New York. The arbitration provision with the addendum inserted reads:
"12 Arbitration
"Arbitration of all questions in dispute under this Agreement shall be in New York City, New York, shall be at the choice of either party and shall be in accordance with the provisions, then obtaining, of the Standard Form of Arbitration Procedure of the American Institute of Architects. This Agreement shall be specifically enforceable under the prevailing arbitration law and judgment upon the award rendered may be entered in the court of the forum, state or federal, having jurisdiction. The decision of the arbitrators shall be a condition precedent to the right of any legal action."
[The underlined portion is the addendum.]
The petitioner moved to require arbitration pursuant to the provisions of Section 682.03, Florida Statutes, and requested the court to enter an order directing the parties to proceed with arbitration in accordance with the terms and provisions of the contract. The trial court denied the motion to require arbitration, and the District Court of Appeal affirmed per curiam without opinion but certified this question to this Court:
"WHERE AN AGREEMENT TO ARBITRATE FUTURE DISPUTES PROVIDES FOR ARBITRATION IN ANOTHER JURISDICTION (IN THIS CASE, NEW YORK), IS SUCH A PROVISION A REJECTION OF THE FLORIDA ARBITRATION CODE, CHAPTER 682, F.S., AS TO RENDER THE AGREEMENT TO ARBITRATE NOT BINDING UPON OR ENFORCEABLE IN THE COURTS OF THIS STATE?"
We have jurisdiction.[1]
The question is one of first impression in this state. We answer it in the affirmative. It is our opinion that under the contract terms in this specific case, the Florida Arbitration Code, Chapter 682, Florida Statutes, was rejected by the parties by reason of their agreement to arbitrate in New York City, New York. We hold the provision that arbitration was to take place in New York constituted a stipulation *82 that the Florida Arbitration Code should not apply. See Section 682.02, Florida Statutes (1973).
The Florida courts have no statutory authority under Chapter 682 to compel arbitration in another jurisdiction. Further, the agreement between the parties failed to specify either that Florida law shall govern or that Florida arbitration procedure shall apply. The inference from the wording of the agreement is that New York arbitration law shall govern and the American Institute of Architects' standard form of procedure shall apply.
The rights of the parties under this arbitration provision stand and fall upon the contract terms, not the statutory arbitration procedure in this state.
Absent the statutory authority of Chapter 682 to enforce the arbitration provision, the controlling law of this state clearly makes an arbitration provision voidable at the instance of either party and prohibits its being used as a bar to an action by either party in a court of competent jurisdiction. Mr. Justice Sebring stated the law of this state prior to the enactment of Chapter 682 in Fenster v. Makovsky, 67 So.2d 427, 429 (Fla. 1953), where he said:
"Agreements to arbitrate disputes between parties are generally looked upon with approval by the courts when the subject matter of such agreements is confined within legally permissible limits, and every reasonable presumption will be indulged to uphold arbitration proceedings which have resulted in an award. 6 C.J.S., Arbitration and Award, §§ 1 and 130. It cannot be doubted, however, that a general agreement in or collateral to a contract to submit in the future to final determination by arbitration the rights and liabilities of the parties with respect to any and all disputes that may thereafter arise under the contract is, at least until a subsequent valid submission agreement is entered into, voidable at will by either party at any time before an award is made and has no effect on the right of either party to invoke the jurisdiction of the courts. See 3 Am.Jur., Arbitration and Award, Sec. 31; Sturges, Commercial Arbitrations and Awards, Secs. 15, 75, 79; Yonge, Arbitration of Civil Claims in Florida, Vol. VI, No. 2, Univ. of Florida Law Review, pp. 163-164....
* * * * * *
"By the great weight of authority such an agreement is invalid as constituting an attempt to oust the legally constituted courts of their jurisdiction. Such being its nature it cannot be used as a bar to an action brought on the subject matter of the contract, nor can it constitute, logically, a ground for withholding relief in a court of equity when appropriate relief is sought by either of the parties. See Steinhardt v. Consolidated Grocery Co., [80 Fla. 531, 86 So. 431]; and 6 C.J.S., Arbitration and Award, § 29." [Emphasis supplied]
See also Flaherty v. Metal Products Corporation, 83 So.2d 9 (Fla. 1955); Frank J. Rooney, Inc. v. Charles W. Ackerman of Florida, Inc., 219 So.2d 110 (Fla.App.3d 1969).
We hold that an agreement to arbitrate future disputes in another jurisdiction is outside the authority of the Florida Arbitration Code, Chapter 682, Florida Statutes, and such a provision renders the agreement to arbitrate voidable at the instance of either party.[2]
The certified question having been answered in accordance with the ruling by the trial court as affirmed by the District Court of Appeal, the petition for writ of certiorari is discharged.
It is so ordered.
ADKINS, C.J., and ROBERTS, BOYD and ENGLAND, JJ., concur.
NOTES
[1] Art. V, § 3(b)(3), Fla. Const.
[2] The Fourth District in a related factual situation in Knight v. H.S. Equities, Inc., 280 So.2d 456 (Fla.App. 4th 1973), held the trial court had no authority to compel arbitration in Florida in accordance with a contract provision which specified New York law should govern arbitration proceedings.