386 So.2d 572 (1980)
ROMAR TRANSPORTS, LTD., INC., a Florida Corporation and Romar Transports, Ltd., a Foreign Corporation, Petitioners,
v.
IRON AND STEEL COMPANY OF TRINIDAD AND TOBAGOA, LTD., a Foreign Corporation, Respondent.
No. 79-1955.
District Court of Appeal of Florida, Fourth District.
June 18, 1980.
Rehearing Denied September 2, 1980.
*573 Craig B. Sherman of Broad & Cassel, Bay Harbor Islands, for petitioners.
Frank J. Marston of Fowler, White, Burnett, Hurley, Banick & Knight, P.A., Miami, for respondent.
GLICKSTEIN, Judge.
Petitioners, Romar Transports, Ltd., Inc., a Florida corporation, and Romar Transports, Ltd., a foreign corporation, bring this timely petition for writ of certiorari to review that portion of the trial court's order which reads:
That Defendant's Motion to stay this litigation pending arbitration in Trinidad be and the same is hereby granted.
Action was filed by petitioners against respondent, Iron and Steel Company of Trinidad and Tobago, Ltd., a foreign corporation, for breach of contract and for the reasonable value of services performed. The nature of the contract was the receiving, inspection, documentation, warehousing, loading, ocean freight and offloading of respondent's cargo, originating in the United States and Canada, and being delivered to Trinidad.
Respondent filed no answer to the complaint and undertook no discovery but did file a counterclaim to recover property worth over $200,000 held by petitioners. Respondent sought to avoid waiver by asserting:
By the filing of this Counter Claim said Counter Plaintiff does not waive nor relinquish any rights which it has to arbitration and this Counter Claim is being filed solely for the purpose of obtaining possession of the property referred to.
Based on the counterclaim, the trial court issued an order to show cause and an order directing the clerk to issue a writ of replevin. The writ was issued and the property was delivered to respondent.
Two days after obtaining the rule to show cause from the trial court, respondent filed a motion to dismiss or to stay proceedings pending arbitration, or in the alternative, to dismiss the complaint, based on clause 28 of the "General Conditions of Contract," which provided:
CLAUSE 28 ARBITRATION
If any questions, difference, controversy, disagreement or dispute shall arise between the parties or with respect to the interpretation construction or application of any clause or term in this Contract concerning the rights, duties, or liabilities of the parties, under this Contract or in any other way touching or arising out of this Contract the same shall be referred to the determination of two arbitrators, one to be appointed by each party to the dispute and an umpire to be appointed by the two arbitrators. The proceedings shall be in accordance with the Arbitration Ordinance of Trinidad and Tobago, Chapter 7, No. 1, or any statutory reenactment or modification thereof for the time being in force.
Petitioners unsuccessfully argued two points in the trial court: that respondent waived any right of arbitration by filing its counterclaim and that the "General Conditions of Contract," were a separate, nonbinding document. In their petition for writ of certiorari, they again assert waiver and in their reply to response assert for the first time that the agreement to arbitrate is not enforceable in Florida.
Upon the point of waiver, clause 28 provided for arbitration of all controversies "touching or arising ... out of their contract." The subject of respondent's counterclaim was such a controversy. The *574 replevied property was in petitioners' possession because of the contract. By filing a counterclaim, respondent waived its right to arbitrate. Klosters Rederi A/S v. Arison Shipping Company, 280 So.2d 678 (Fla. 1973), cert. denied 414 U.S. 1131, 94 S.Ct. 869, 38 L.Ed.2d 775 (1974). Mike Bradford & Co. v. Gulf States Steel Co., 184 So.2d 911 (Fla. 3d DCA 1966). Moreover, as earlier pointed out, respondent obtained substantial affirmative relief based on the counterclaim.
Although the first point is dispositive of the case in favor of petitioner, a second issue raised by petitioner warrants discussion.
Petitioner contends that an arbitration agreement cannot be enforced in Florida unless the agreement providing for arbitration applies the Florida Arbitration Code. Knight v. H.S. Equities, Inc., 280 So.2d 456 (Fla. 4th DCA 1973). Therein the court said:
Where it is stipulated that an agreement to arbitrate and its enforcement are governed by the laws of another state, such agreement does not comply with Chapter 682 and is not specifically enforceable in this state. 280 So.2d at 459.
In Damora v. Stresscon International, Inc., 324 So.2d 80 (Fla. 1975), the Supreme Court held:
... that an agreement to arbitrate future disputes in another jurisdiction is outside the authority of the Florida Arbitration Code, Chapter 682, Florida Statutes, and such a provision renders the agreement to arbitrate voidable at the instance of either party. 324 So.2d at 82.
Thus, it clearly appears that Florida has adopted the rule that a provision of a contract requiring arbitration pursuant to the laws of a foreign jurisdiction is not enforceable in Florida if either party objects prior to an arbitration award.
Unfortunately for petitioner, it did not urge upon the circuit court the foregoing rule as a basis for denying a stay in this cause so that there would be no foreign arbitration proceedings. Petitioner first raised the argument relative to the foregoing rule before this court during this certiorari proceeding. Petitioner thus seeks to avoid the long-standing rule of appellate procedure that one may not argue on appeal that which was not presented to the trial court by suggesting that the question is one of fundamental error, or alternatively, that petitioner's argument deals with subject matter jurisdiction. We reject both contentions. Although such an arbitration provision is not enforceable in Florida if either party objects, the unenforceability does not result from lack of subject matter jurisdiction over arbitration proceedings. Damora, supra, held that an agreement to arbitrate under the laws of a foreign jurisdiction is voidable. If the court lacked subject matter jurisdiction to enforce such an agreement the agreement would be void rather than voidable.
Therefore, in this proceeding in this court petitioner may not rely upon the rule that such a provision is unenforceable.
The petition for writ of certiorari is granted, and the order staying these proceedings pending arbitration is quashed.
DOWNEY and ANSTEAD, JJ., concur.