472 So.2d 1365 (1985)
OLD DOMINION INSURANCE COMPANY, Petitioner,
v.
DEPENDABLE REINSURANCE COMPANY, LTD., Respondent.
No. BF-316.
District Court of Appeal of Florida, First District.
July 30, 1985.
*1366 William E. Kuntz and Timothy W. Volpe of Smith & Hulsey, Jacksonville, for petitioner.
K. Alexandra Krueger of Rogers, Towers, Bailey, Jones and Gay, and C. Ray Greene of Greene, Greene, Falck and Coalson, Jacksonville, for respondent.
BARFIELD, Judge.
This matter is before the court on petition for writ of common-law certiorari to review an order denying petitioner/defendant's amended motion for stay of proceedings pending arbitration. The issue presented before this court is whether the trial court's denial of the motion for stay pending arbitration constitutes a departure from the essential requirements of law. We hold that it does.
Petitioner, Old Dominion Insurance Company (Old Dominion) and respondent, Dependable Reinsurance Company (Dependable), entered into a "retrocession agreement" in 1982. The agreement contains a provision for arbitration "should an irreconcilable difference of opinion arise between the parties to this Agreement as to the interpretation of this Agreement or transactions with respect to this Agreement." The agreement further provides that Old Dominion will submit to the jurisdiction of the Bermudan Court if requested by Dependable.
A dispute arose between the parties regarding payment of sums demanded by Dependable under the agreement, which Old Dominion refused to pay. On April 3, 1984, Dependable requested arbitration as provided by the agreement. By letter of May 2, 1984, Old Dominion requested the right to inspect all books, records, and papers of Dependable relating to the agreement, noting that it would respond to the remainder of the letter requesting arbitration as soon as it had had an opportunity to complete this inspection. By letter of June 5, 1984, Dependable notified Old Dominion *1367 that it had appointed an arbitrator and referenced an oral agreement extending the deadline for appointment of arbitrators for twenty-one days.
On September 10, 1984, Dependable filed a complaint for breach of contract in the Circuit Court for Duval County. On October 17, 1984, Old Dominion sought removal of the case to federal court. By letter of October 19, 1984, Old Dominion requested that arbitration under the agreement proceed to determine if any of the sums demanded by Dependable were owed by Old Dominion. This letter points out that, following receipt of the April 3, 1984 demand for arbitration by Dependable, Old Dominion requested the right to inspect the books and records of Dependable; that much of the promised material was never received by Old Dominion; and that while these efforts were proceeding, "the parties agreed to suspend the arbitration pending collection and review of all information in order to provide the opportunity for resolution short of arbitration." On October 22, 1984, Old Dominion moved to stay the proceedings pending arbitration. On November 29, 1984, an amended motion for stay was filed.
In opposition to the motion, Dependable filed an affidavit of its vice-president, along with a series of letters including those discussed above. After consideration of the affidavit and letters, as well as the arguments of counsel, the trial court entered an order denying the motion, "because of the language in paragraphs XIX and XXII of the contract attached to the complaint and the decision of the Supreme Court of Florida in Damora v. Stresscon International, Inc., 324 So.2d 80 (Fla. 1967) (sic)."
Old Dominion filed a motion for reconsideration and rehearing of the motion for stay. Upon rehearing, the trial court denied the motion for reconsideration, adding as an additional ground for denial that Old Dominion was "in default in proceeding with such arbitration." Apparently no evidentiary hearing was held prior to this order denying rehearing.
The lower court stated three grounds for denial of the motion for stay of proceedings pending arbitration: (1) The case of Damora v. Stresscon International, Inc.; (2) the "language of paragraphs XIX and XXII of the contract attached to the complaint" (the retrocession agreement); and (3) Old Dominion's "default" under the arbitration provision of the agreement.
In Damora v. Stresscon International, Inc., 324 So.2d 80 (Fla. 1975), the Supreme Court held that an agreement to arbitrate future disputes in a jurisdiction other than Florida is outside the authority of the Florida Arbitration Code, so as to render the agreement to arbitrate voidable at the instance of either party. The arbitration provision at issue is not enforceable under the Florida Arbitration Act, chapter 682, Florida Statutes, because it provides for arbitration in Bermuda. However, Florida courts are obligated to enforce agreements which are valid and enforceable under the Federal Arbitration Act, 9 U.S.C. sections 1.-14. Southland Corporation v. Keating, 465 U.S. 1, 104 S.Ct. 852, 79 L.Ed.2d 1 (1984); Moses H. Cone Memorial Hospital v. Mercury Construction Corporation, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); Merrill Lynch Pierce Fenner and Smith, Inc. v. Melamed, 453 So.2d 858 (Fla. 4th DCA 1984); Lipton Professional Soccer, Inc. v. Mijatovic, 416 So.2d 1236 (Fla. 1st DCA 1982); Merrill Lynch Pierce Fenner & Smith Inc. v. Melamed, 405 So.2d 790 (Fla. 4th DCA 1981). Section 2 of the Federal Arbitration Act provides that an arbitration provision in an agreement involving interstate commerce is "valid, irrevocable, and enforceable" unless the agreement would be revocable for a reason at law or equity. There has been no assertion by the respondent that the retrocession agreement does not involve interstate commerce; indeed, the other two grounds upon which the trial court based its denial of the motion indicate that the trial court found the Federal Arbitration Act applicable in this case. The original motion for stay was based upon the federal act. The amended motion was based upon both the *1368 federal and the Florida acts. The trial court's order is vague with respect to the Damora ground for denial of the motion. To the extent the trial judge intended Damora as a basis for denying the motion for stay based upon the Florida Arbitration Code, he was correct in his ruling. However, if he intended by citing Damora to also deny on that ground the motion for stay based upon the federal act, he was in error.
The trial court apparently found that the retrocession agreement did not provide for arbitration where the issue was failure by Old Dominion to pay amounts claimed to be due under the agreement, the order referencing Article XXII which provides for "service of suit". We find this to be an improper construction. This provision of the agreement is typical of international quota share reinsurance agreements and is included to obviate potential problems with obtaining jurisdiction over the parties. See, for example, Hart v. Orion Insurance Company, Ltd., 453 F.2d 1358 (10th Cir.1971). If there had been an inconsistency between Articles XXII concerning service of process and XIX concerning arbitration, any doubts concerning the scope of arbitrable issues should have been resolved in favor of arbitration. Moses H. Cone Memorial Hospital v. Mercury Construction Company, 460 U.S. at 24-25, 103 S.Ct. at 941-942. The trial court departed from the essential requirements of law by interpreting the provisions of the agreement in a manner which is contrary to the language of the agreement, the usage of the trade, the law's liberal policy favoring arbitration, and respondent's own actions in seeking arbitration of the claims it now seeks to litigate without arbitration.
The record before the court does not support the trial court's finding that Old Dominion was in default in the arbitration proceeding, thereby barring application of the Federal Arbitration Act. The only possible basis for a finding of default on the part of Old Dominion is the fact that it failed to name an arbitrator within sixty days of Dependable's request for arbitration. However, it appears from the letters in evidence before the trial court that the delay in appointing an arbitrator and proceeding to arbitration was based, at least in part, upon Dependable's failure to deliver pertinent records and reports promised to Old Dominion, and that the parties had apparently agreed to attempt settlement before proceeding to the arbitration requested by Dependable. Old Dominion's letter of October 19, 1984, evidence of this apparent agreement to suspend arbitration, has not been controverted by any other record evidence.
Even if we were to accept Dependable's assertions that Old Dominion delayed the arbitration proceedings by failing to appoint an arbitrator, the retrocession agreement specifically provides that in the event either party should fail to choose an arbitrator within sixty days following a written request by the other party to enter into arbitration, the requesting party may choose both arbitrators. The retrocession agreement does not provide that failure to appoint an arbitrator cancels or waives the arbitration proceedings. Mere delay, without a showing of prejudice to the other party, is insufficient to constitute default under section 3 of the federal act. In Re Mercury Construction Corp. v. Moses H. Cone Memorial Hospital, 656 F.2d 933 (4th Cir.1981), aff. sub. nom., Moses H. Cone Memorial Hospital v. Mercury Construction Company, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); Graham Contracting, Inc. v. Flagler County, 444 So.2d 971 (Fla. 5th DCA 1983), pet. for rev. den., 451 So.2d 848 (1984).
The circuit court's order denying the motion for stay pending arbitration is QUASHED and this cause is REMANDED with instructions that the claim be remitted to arbitration as provided by the retrocession agreement.
BOOTH, C.J., and WIGGINTON, J., concur.