ANSTEAD, Judge,
concurring specially.
I agree with the majority that the appellant has failed to demonstrate the parties’ *8 stock redemption agreement is controlled by the Federal Arbitration Act, so as to require reversal of the trial court’s order denying appellant’s motion to compel arbitration. I write separately only to comment upon an issue of Florida arbitration law.
In the trial court, the appellant sought to compel arbitration under both federal and Florida law. However, as noted by the appellees, the appellant has apparently abandoned its state law claim in the face of a controlling Florida Supreme Court decision holding an agreement to arbitrate in another state will not be enforced in Florida. See Damora v. Stresscon Int’l, Inc., 324 So.2d 80 (Fla.1975). Damora relied on section 682.02 of Florida’s arbitration code, authorizing the enforcement of an arbitration agreement, except where the parties stipulate Florida’s code shall not apply, as well as the pre-code law characterizing arbitration agreements as disfavored attempts “to oust the legally constituted courts of their jurisdiction.” Id. at 82. The Damora court construed an agreement to arbitrate elsewhere as a stipulation that the Florida code would not apply.
I do not believe the policy reasons underlying the Damora decision remain valid, and hope both the legislature and the Florida Supreme Court would revisit the issue. When parties agree to arbitrate their disputes, even in another state, there is no valid reason why Florida courts, if properly called upon to do so, should not enforce the parties’ agreement to the extent that the courts have jurisdiction over the parties. There is nothing inherently “bad” about arbitration in another state as compared to arbitration in Florida. This case is a good example, since the arbitration provision provides for arbitration under the auspices of the American Arbitration Association, an internationally recognized arbitration association whose services are routinely used by Florida citizens and recognized by Florida courts.
Courts and arbitration procedures have come a long way since the days when we were concerned about arbitration agreements constituting attempts to “oust” the courts of their jurisdiction. In today’s busy courts we look with favor upon parties voluntarily agreeing to submit their disputes to such recognized institutions as the American Arbitration Association. Courts are no longer jealous that their territory may be intruded upon, and the concern that the parties’ dispute will be fairly resolved is ameliorated by the voluntary nature of the agreement to arbitrate and the improved quality of arbitration procedures. In short, I can see no justification for refusing to honor arbitration agreements on the basis of where the arbitration is to be held.
Florida recognizes the rights of contracting parties to agree on the law to be applied and the forum in which their legal disputes will be settled. Dataline Corp. v. L.D. Mullins Lumber Co., Inc., 588 So.2d 1078, 1079 (Fla. 4th DCA 1991), citing Manrique v. Fabbri, 493 So.2d 437 (Fla. 1986). We should do no less in the case of arbitration.