**SECURITY LIFE INSURANCE COMPANY OF AMERICA, Plaintiff,**

v.

**HANNOVER LIFE REASSURANCE COMPANY OF AMERICA, f/k/a Reassurance Company of Hannover, Defendant.**

**No. CIV 00–2328 ADM/AJB.**

United States District Court, D. Minnesota.

March 28, 2001.

Robert L. Meller, Jr., Sarah Crippen Madison, and Cynthia L. Hegarty, Best & Flanagan, Minneapolis, MN, appeared for and on behalf of the Plaintiff.

Keith Dotseth, and Michael J. Steinlage, Larson King LLP, St. Paul, MN, appeared for and on behalf of the Defendant.

## MEMORANDUM OPINION AND ORDER

MONTGOMERY, District Judge.

### I. INTRODUCTION

The above-entitled matter came before the undersigned United States District Judge on February 28, 2001, pursuant to Defendant's Motion to Dismiss or Stay Litigation [Doc. No. 6]. For the reasons set forth below, the Defendant's motion is granted. The litigation is stayed pending arbitration.

### II. BACKGROUND

In February 1995, Plaintiff Security Life Insurance Company of America ("Security") entered into a reinsurance contract ("Reinsurance Contract") with Benefit Life Insurance ("Benefit"). Meller Aff. Ex. A. Under the Reinsurance Contract, Benefit agreed to reinsure 90% of the claims of certain Security policies in exchange for a percentage of the premiums. Compl. ¶ 6. The Reinsurance Contract provides that "[e]ither party . . . may request arbitration to resolve any dispute arising out of this Agreement. The other party . . . *must* agree to arbitration, and such arbitration shall be binding upon both parties. . . . Arbitration is the *sole remedy* for disputes arising under this Agreement." *Id.* Ex A at 7–8 (emphasis added). The arbitration procedures are specified with particularity in the document. *Id.*

The Reinsurance Contract also contains a section titled "Service of Suit" that provides:

[i]n the event of the failure of the Reinsurer hereon to pay any amount claimed to be due hereunder, the Reinsurer hereon, at the request of the Company, will submit to the jurisdiction of any court of competent jurisdiction within the United States and will comply with all requirements necessary to given [sic] such court jurisdiction, and all matters arising hereunder shall be determined in accordance with the law and practice of such court.

*Id.* Ex. A at 9. The Reinsurance Contract also declares that "[a]ll questions pertaining to this document and its validity, construction and administration shall be determined in accordance with the laws of the state of Arizona." *Id.* Ex. A at 10.

On December 31, 1999, Security, Benefit and Defendant Hannover Life Reassurance Company of America ("Hannover") entered into an agreement ("Assignment") whereby Hannover assumed Benefit's obligations and rights under the Reinsurance Contract. Meller Aff. Ex. B. The Assignment expressly incorporates the Reinsurance Contract. *Id.* Ex. B ¶ 6. In the case at bar, Security is seeking indemnification from Hannover for its share of claims Security paid pursuant to the Assignment.

### III. DISCUSSION

Hannover's motion to dismiss is based upon the language in the Assignment stating that "[a]rbitration is the *sole remedy* for disputes arising under this [a]greement." *Id.* Ex. A at 8. Because Security's Complaint stems from the Assignment, Hannover claims this litigation must be dismissed or stayed pending arbitration. Security opposes the motion on the grounds that the service of suit provision of the Assignment carves out an exception to mandatory arbitration that is applicable to their current claims.

██ Reinsurance contracts fall under the protection of the Federal Arbitration Act ("FAA"). *See Hassneh Ins. Co. of Isr. v. Paladin Reinsurance Corp.,* No. 90–CIV–5039, 1991 WL 258776, at *1 (S.D.N.Y. Nov. 22, 1991). Thus, if the parties have made an agreement to arbitrate the present dispute, such an agreement, "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "Generally, 'there is a presumption of arbitrability in the sense that an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" *Telectronics Pacing Sys., Inc. v. Guidant Corp.,* 143 F.3d 428, 433 (8th Cir.1998) (quoting *AT & T Tech., Inc. v. Communications Workers of Am.,* 475 U.S. 643, 650, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986) (citations omitted)).

While Security does not dispute that the arbitration language is part of their contract with Hannover, it asserts that the service of suit language in the Assignment does not require the parties to arbitrate all disputes. This argument is based upon the following provision:

> [i]n the event of the failure of the Reinsurer hereon to pay any amount claimed to be due hereunder, the Reinsurer hereon, at the request of the Company, will submit to the jurisdiction of any court of competent jurisdiction within the United States and will comply with all requirements necessary to given [sic] such court jurisdiction, and all matters arising hereunder shall be determined in accordance with the law and practice of such court."

*Id.* Ex. A at 9. Security avers that because Hannover has failed to pay Security amounts due under the Assignment, Hannover must submit to the jurisdiction of a court and court practices, thereby excluding mandatory arbitration.

██ The law and practice of this Court, however, is to stay litigation pending arbitration where the parties have agreed to arbitrate. It is well-established that such service of suit clauses do not abridge an agreement to arbitrate all disputes arising out of a relationship. *Ochsner/Sisters of Charity Health Plan, Inc. v. Certain Underwriters at Lloyd's,* No. 96–1627, 1996 WL 495157, at *2 (E.D.La. Aug. 30, 1996); *Cont'l Cas. So. v. Certain Underwriters at Lloyd's,* No. C–92–4094, 1993 WL 299232, at *4–5 (N.D.Cal. July 21, 1993); *NECA Ins., Ltd. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.,* 595 F.Supp. 955, 958 (S.D.N.Y.1984); *Ideal Mutual Ins. Co. v. Phoenix Greek Ins. Co.,* No. 83–CV–4687, 1984 WL 602, at *2 (S.D.N.Y. July 3, 1984); *Old Dominion Ins. Co. v. Dependable Reinsurance Co.,* 472 So.2d 1365, 1368 (Fla.Dist.Ct.App.1985); *see McDermott Int. v. Lloyds Underwriters of London,* 944 F.2d 1199, 1205 (5th Cir.1991) (approving of resolution of the issue in *NECA* ). In two published opinions, courts have determined that suits to force a reinsurer to pay monies due must be arbitrated pursuant to a broad arbitration clause where there was a service of suit clause virtually identical to the one currently at issue. *NECA,* 595 F.Supp. at 957; *Phoenix,* 1984 WL 602, at *2 n. 1, 2. The reason for service of suit clauses is not to limit the arbitrability of claims, but to "obviate potential problems with obtaining jurisdiction over the parties." *Old Dominion,* 472 So.2d at 1368.

██ Because the Assignment falls under the protection of the FAA, any inconsistency between the arbitration and service of suit clauses should be resolved in favor of arbitration. *Id.* (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr.,* 460 U.S. 1, 24–25, 103 S.Ct. 927, 74 L.Ed.2d

765 (1983)). Moreover, the service of suit clause in the Assignment can be read in "harmony" with the clause requiring the arbitration of all disputes; the service of suit clause provides a means to compel arbitration or enforce any arbitration award. *McDermott,* 944 F.2d at 1205; *Ochsner,* 1996 WL 495157, at *1–2; *Old Dominion,* 472 So.2d at 1368. The fact that the service of suit clause specifies that it applies to a "failure to pay any amount claimed" does not exempt these specific claims from broad arbitration agreements. *Ochsner,* 1996 WL 495157, at *1–2; *NECA,* 595 F.Supp. at 957, *Phoenix,* 1984 WL 602, at *2; *Old Dominion,* 472 So.2d at 1368.

Security avers that principles of contract interpretation allow the Assignment's service of suit clause to be read that suits for "failure to pay any amount claim" are to be litigated in court. Such principles, even if correct, are inapplicable because they are "displaced in this context by the more specific rule requiring that 'any doubts concerning the scope of arbitrable issues ... be resolved in favor of arbitration.'" *Falcone Bros. P'ship v. Bear Stearns & Co.,* 699 F.Supp. 32, 34 (S.D.N.Y.1988) (quoting *Cone,* 460 U.S. at 24, 103 S.Ct. 927). Security's public policy arguments are also extraneous because courts have "no discretion to consider public-policy arguments in deciding whether to compel arbitration under the FAA." *Quackenbush v. Allstate Ins. Co.,* 121 F.3d 1372, 1382 (9th Cir.1997) (citing *Dean Witter Reynolds Inc. v. Byrd,* 470 U.S. 213, 218, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985)).

Security cites *Transit Cas. Co. in Receivership v. Certain Underwriters at Lloyd's of London,* 963 S.W.2d 392 (Mo.Ct. App.1998), and *Thiokol Corp. v. Certain Underwriters at Lloyd's of London,* No. 96–CV–028, 1997 U.S. Dist. LEXIS 8264, at *1 (D.Utah May 6, 1997), in support of their position. *Transit* is inapplicable because the FAA was found to not apply to the contract. 963 S.W.2d at 394. Likewise, *Thiokol* is distinguished by the fact that the plaintiff opposing forced arbitration was not a party to the arbitration agreement, but a third party beneficiary. *Thiokol,* 1997 U.S. Dist. LEXIS 8264, at * 6. This lead to the court's decision that the FAA was not applicable to the agreement. *See id.* at *14.

Although the FAA applicability alone is sufficient to stay litigation in this case, Arizona statutory law also compels this result. Section 20–261.01(B) of the Arizona Revised Statutes requires that reinsurance credit agreements provide that "contested claims are valid and enforceable on the final order of any court of competent jurisdiction in the United States." The same section, however, states that this language "shall not override the obligation of the parties to a reinsurance agreement to arbitrate a dispute if the agreement requires arbitration." Ariz.Rev.Stat. § 20–261.01(C).[1] Thus, the service of suit language does not affect a mandatory arbitration clause. Hannover's motion is granted as to the stay.

## IV. CONCLUSION

Based upon the foregoing, and all of the files, records and proceedings herein, **IT IS HEREBY ORDERED** that:

Defendant's Motion to Dismiss or Stay [Doc. No. 6] is **GRANTED**. The litigation is stayed pending arbitration.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

---

**1.** Minnesota law contains similar provisions. Minn.Stat. § 60A.092(11)(a) & (b).