882 So.2d 1059 (2004)
EASTERN FUNDING, L.L.C., Appellant,
v.
Gilda I. ROMAN, d/b/a Unique Dry Cleaner, and Martin Roman, Appellees.
No. 4D03-2795.
District Court of Appeal of Florida, Fourth District.
August 25, 2004.
Gordon A. Dieterle of McClosky, D'Anna, Ioannou & Dieterle, LLP, Boca Raton, for appellant.
Patrick S. Cousins of Cousins Law Firm, P.A., West Palm Beach, for appellee Martin Roman.
POLEN, J.
Appellant, Eastern Funding, L.L.C., has timely appealed a non-final order on entitlement to arbitration. The central issue below and on appeal is whether the parties' underlying Lease Agreement evidenced a transaction involving interstate commerce so as to render it subject to the Federal Arbitration Act. This issue presents a pure question of law, therefore we apply a de novo standard of review. See Stacy David, Inc. v. Consuegra, 845 So.2d 303, 306 (Fla. 2d DCA 2003). For the reason that follows we affirm.
This appeal arises from an alleged breach of contract for leased dry cleaning equipment. Group Leasing entered into a Lease Agreement with Gilda Roman. The Lease Agreement provided for monthly payments to be mailed to Group Leasing's New York address. There was also a provision in the Lease Agreement for any dispute arising from the lease to be submitted to binding arbitration with the American Arbitration Association in accordance with its rules, to take place in New York. Gilda Roman and her husband, Martin Roman, executed a personal guaranty. Shortly after the Lease Agreement was executed, Group Leasing assigned all of its rights and interest in the Lease Agreement to the Appellant, Eastern Funding.
It is alleged that at some point, Gilda Roman failed to pay the monthly lease payments. Pursuant to the Lease Agreement, Eastern Funding elected to accelerate the remaining payments. Eastern Funding filed suit in Palm Beach County for breach of contract and breach of guaranty against the Romans. Martin Roman was timely served, but Gilda Roman was not. Martin Roman filed a Motion to Dismiss for failure to apply the arbitration *1060 clause, which dictated that arbitration be completed in New York. The trial court granted the motion, ordering that the parties shall arbitrate in New York pursuant to the Lease Agreement.
On appeal, Eastern Funding argues that because the arbitration was to take place in a foreign forum, the arbitration clause is not enforceable if one party objects prior to an arbitration award. See § 682.02, Fla. Stat. (2003). In Damora v. Stresscon International, Inc., 324 So.2d 80, 81-82 (Fla.1975), the Supreme Court addressed this issue, holding:
The Florida courts have no statutory authority under Chapter 682 to compel arbitration in another jurisdiction.... Absent the statutory authority of Chapter 682 to enforce the arbitration provision, the controlling law of this state clearly makes an arbitration provision voidable at the instance of either party and prohibits its being used as a bar to an action by either party in a court of competent jurisdiction.

See also Romar Transports, Ltd., Inc. v. Iron and Steel Co. of Trinidad and Tobago, Ltd., 386 So.2d 572, 574 (Fla. 4th DCA 1980). Nevertheless, there is a well-established exception to the general rule announced in Damora. In Butcher & Singer, Inc. v. Frisch, 433 So.2d 1360, 1361 (Fla. 4th DCA 1983), this court held that the general rule does not apply to valid and enforceable arbitration agreements applying federal law, even though foreign state law is incorporated in the arbitration agreement. See Coastal Health Care Group, Inc. v. Schlosser, 673 So.2d 62, 65 (Fla. 4th DCA 1996). As such, Florida courts must enforce arbitration agreements that are subject to the Federal Arbitration Act even if the arbitration agreement is not subject to Florida law.
The Federal Arbitration Act applies only to [a] written provision in ... a contract evidencing a transaction involving commerce.... 9 U.S.C. § 2. The Federal Arbitration Act was discussed in Coastal Health Care, 673 So.2d at 66, in which this court noted:
The [Supreme] Court's recent case of Allied-Bruce Terminix Co. v. Dobson, [513 U.S. 265] 115 S.Ct. 834, 130 L.Ed.2d 753 (1995), addressed the reach of the Federal Arbitration Act and how the phrase transaction involving commerce should be construed. After noting that some state courts and federal district courts have interpreted the Act's language as requiring the parties to a contract to have contemplated an interstate commerce connection, the Court held that such language should be read broadly. Specifically, the word involving is broad and is the functional equivalent of affecting. 115 S.Ct. at 839. The Court reiterated its earlier pronouncement that the interstate commerce language should be read broadly to extend the Act's reach to the limits of Congress' Commerce Clause power. [ ] 115 S.Ct. at 840; Perry v. Thomas, 482 U.S. 483, 107 S.Ct. 2520, 96 L.Ed.2d 426 (1987).
Coastal Health Care then discussed whether an interstate transaction meant that the transaction had to turn out in fact to involve interstate commerce or whether the parties had to "contemplate" an interstate transaction. See Dobson, 513 U.S. at 276-77, 115 S.Ct. 834. Coastal Health Care held that a commerce in fact interpretation was more faithful to the statute than the contemplation of the parties interpretation which would require costly litigation. 673 So.2d at 66.
In Coastal Health Care, this court found the following transactions to be interstate transactions: (1) several meetings took place in North Carolina; (2) discussions took place by telephone across state lines; (3) a Florida corporation acquired stock through its parent Delaware corporation *1061 with its principal place of business in North Carolina; (4) North Carolina employees and residents were involved in the negotiations; (5) closing took place in North Carolina; and (6) all notices and communications were sent across state lines to North Carolina. Id.
At bar, Eastern Funding is a Delaware corporation, with its primary place of business in New York. Roman, however, was operating out of Florida. Likewise, the monthly rent payments were to be mailed from Florida across state lines to New York. Finally, all correspondence whether by mail or telephone occurred across state lines. Similar to our holding in Coastal Health Care, we hold that the Federal Arbitration Act is applicable as the Lease Agreement involves interstate commerce. Consequently, the trial court did not err in granting Roman's Motion to Dismiss and in ordering the parties to arbitrate in New York. We find Eastern Funding's remaining issues to be unpersuasive and hereby affirm.
AFFIRMED.
MAY, J., and GOLD, MARC H., Associate Judge, concur.