Filed 8/21/20  Passport Resorts v. Amrisc CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| PASSPORT RESORTS LLC, et al.,<br><br>    Plaintiffs and Respondents,<br><br>    v.<br><br>AMRISC, LLC, et al.,<br><br>    Defendants and Appellants. | H046354<br>(Monterey County<br>Super. Ct. No. 17CV004043) |

In this insurance coverage dispute, defendants (the insurers and their third party claims administrator) appeal from an order denying their motion to compel arbitration. The trial court concluded that service of suit clauses set forth in endorsements conflicted with and superseded the arbitration clause in the original policy document.  We disagree and reverse.

## I.    BACKGROUND

### A.    *The Policy and its Relevant Provisions*

#### 1.    *The Policy*

Plaintiffs Passport Resorts LLC, Post Ranch LP, Post Ranch Management LLC, and Post Ranch Inn LLC (collectively Post Ranch) own and operate a luxury hotel (the Inn) in Big Sur.  Post Ranch purchased an all-risk commercial property insurance policy (Policy) underwritten by AmRisc LLC and subscribed to and insured by Certain Underwriters at Lloyd's London subscribing to Certificate No. Amr-55299 (Lloyd's), Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity Company of Arizona, United Specialty

Insurance Company, Lexington Insurance Company, Princeton Excess and Surplus Lines Insurance Company, and International Insurance Company of Hannover SE (the Insurers).

### 2. The Arbitration Clause

The Policy contains an arbitration clause. It states: "All matters in difference between the Insured and the Companies . . . in relation to this insurance . . . shall be referred to an Arbitration Tribunal . . . [¶] . . . [¶] The award of the Arbitration Tribunal shall be in writing and binding upon the parties who covenant to carry out the same. If either of the parties should fail to carry out any award the other may apply for its enforcement to a court of competent jurisdiction in any territory in which the party in default is domiciled or has assets or carries on business." The Policy provides that the term "Companies" "is synonymous . . . 'Underwriters' [and] 'Insurers' . . . ."

### 3. The Service of Suit Clauses

Insurer-specific Policy endorsements identify a representative to accept service of process in certain actions arising out of the Policy. Each such endorsement states at the top: "THIS ENDORSEMENT CHANGES THE POLICY." The endorsements applicable to six of the nine Insurers include a service of suit clause providing that "in the event of [a] failure of the [Insurer] to pay any amount claimed to be due" under the Policy, the Insurer "will submit to the jurisdiction of a Court of competent jurisdiction within the United States" at the request of the Insured.[1]

### B. Post Ranch's Insurance Claim

In February 2017, severe rainstorms damaged some of the Inn's buildings and its on-site wells, forcing the Inn to close for more than two months. The storms also led to the closure of the nearby Pfeiffer Canyon Bridge, which made the Inn inaccessible from

---

[1] The service of suit clauses apply to Lloyd's, Steadfast Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, Lexington Insurance Company, and International Insurance Company of Hannover SE.

the north for most of 2017.  Closures also occurred along Highway 1 to the south of the Inn.

Post Ranch filed a claim under the Policy for property damage and business interruption losses in late February 2017.  The Insurers retained defendant CJW & Associates (CJW) as a third party administrator to adjust Post Ranch's claim.

### C. Procedural History

Post Ranch filed suit on November 3, 2017.  The operative amended complaint names AmRisc, the Insurers, and CJW as defendants.  Among other things, it alleges that defendants unreasonably delayed issuing a position on coverage, improperly denied coverage, and engaged in unfair business practices in violation of California's unfair competition act (UCL; Bus. & Prof.Code, § 17200 et seq.)  The complaint further alleges that the Insurers breached both the Policy and the implied covenant of good faith and fair dealing; it asserts claims against CJW (which is not a party to the Policy) for negligence, negligent misrepresentation, intentional misrepresentation, and tortious interference with a contract.

Defendants moved to compel arbitration, invoking the Policy's arbitration clause.  Post Ranch opposed that motion, arguing that the service of suit clauses supersede the arbitration clause and that CJW—a non-signatory to the Policy—cannot invoke the arbitration clause.  The trial court denied the motion to compel on September 12, 2018.  Defendants timely appealed.

## II. DISCUSSION

This appeal raises two issues.  The first is one of contract interpretation—we must determine whether the service of suit clauses supersede the arbitration clause (as Post Ranch argues) or facilitate its enforcement (as defendants contend).  Second, assuming the arbitration clause applies, the issue arises whether nonsignatory CJW can invoke it.

3

### A. Legal Principles and Standard of Review

"We interpret an insurance policy under California law using the same rules of interpretation applicable to other contracts. [Citation.] 'The mutual intention of the contracting parties at the time the contract was formed governs. [Citations.] We ascertain that intention solely from the written contract if possible, but also consider the circumstances under which the contract was made and the matter to which it relates. [Citations.] We consider the contract as a whole and interpret the language in context, rather than interpret a provision in isolation. [Citation.]' " (*Frontier Oil Corp. v. RLI Ins. Co.* (2007) 153 Cal.App.4th 1436, 1462 (*Frontier Oil*).) "[C]onstructions of contractual provisions that would render other provisions surplusage" are disfavored. (*Boghos v. Certain Underwriters at Lloyd's of London* (2005) 36 Cal.4th 495, 503 (*Boghos*).)

"An endorsement modifies the basic insuring forms of the policy . . . . ' "Endorsements on an insurance policy form a part of the insurance contract [citation], and the policy of insurance with the endorsements and riders thereon must be construed together as a whole [citation]." ' [Citation.] . . . If there is any conflict between an endorsement and the body of a policy, the endorsement controls . . . . [Citation.]" (*Frontier Oil*, *supra*, at p. 1463.)

We review questions of law, including the legal effect of contract language, de novo. (*Young v. Horizon West, Inc.* (2013) 220 Cal.App.4th 1122, 1127.) Accordingly, in the absence of factual disputes as to the contract language and conflicting extrinsic evidence as to its meaning, we review an order denying a motion to compel arbitration de novo. (*Laymon v. J. Rockcliff, Inc.* (2017) 12 Cal.App.5th 812, 819.)

### B. The Service of Suit Clauses do not Supersede the Arbitration Clause

Post Ranch contends that the service of suit clauses change the Policy by excepting coverage claims (those arising from the Insurers' failure to pay any amount

4

claimed to be due under the Policy) from the arbitration clause, such that they may be litigated in court. For that argument, Post Ranch relies on the following language in the service of suit clauses: "in the event of [a] failure of the [Insurer] to pay any amount claimed to be due" under the Policy, the Insurer "will submit to the jurisdiction of a Court of competent jurisdiction within the United States" at the request of the Insured. In Post Ranch's view, that language conflicts with the arbitration clause's requirement that "[a]ll matters in difference between the Insured and the Companies . . . in relation to this insurance . . . be referred to an Arbitration Tribunal . . . ."[2] According to Post Ranch, the service of suit clauses prevail in that conflict because they are endorsements, they are more specific, and they explicitly changed the Policy.

Defendants argue that the service of suit clauses neither alter nor conflict with the arbitration clause; rather, they facilitate its enforcement by allowing the parties to sue to compel arbitration or to enforce an arbitral award. In defendants' view, no conflict exists between the service of suit clauses and the arbitration clause, such that the rules of construction indicating that endorsements and more specific clauses prevail have no application.

Defendants' argument finds support in binding precedent from the California Supreme Court, *Boghos*. That case involved an insurance policy that included a service of suit clause similar to the ones at issue here. It provided that " '[i]n the event of [the insurer's] failure . . . to pay any amount claimed to be due under the [policy],' " and " 'at the request of Assured,' " the insurer would " 'submit to the jurisdiction of a court of competent jurisdiction within the United States.' " (*Boghos*, *supra*, 36 Cal.4th at p. 502.) The arbitration clause in the *Boghos* insurance policy "expressly declare[d] that, '*Notwithstanding any other item set forth herein*, the parties hereby agree that any dispute which arises shall be settled in Binding Arbitration.' " (*Id*. at p. 503.)

---

[2] The quoted language applies to six of the nine Insurers. The basis for Post Ranch's position that the other three Insurers and AmRisc may not compel arbitration is not clear.

5

In *Boghos*, as here, the parties disagreed as to whether the arbitration and service of suit clauses conflicted. Our Supreme Court concluded that they did not. As an initial matter, the court noted that other courts, including one in California, had reasoned that arbitration and service of suit clauses "do not conflict because the service of suit clause should be interpreted, in view of the presumption favoring arbitration, as intended to facilitate enforcement of the arbitration clause." (*Boghos*, *supra*, 36 Cal.4th. at p. 502, fn. omitted.) The *Boghos* court then noted: "This case is easier to resolve than the cases just mentioned. In none of those cases did the court note that the contract at issue included language establishing priority as between the arbitration . . . clause and the service of suit clause. Here, in contrast, the contract does include such language. The first sentence of the arbitration clause expressly declares that, '*Notwithstanding any other item set forth herein*, the parties hereby agree that any dispute which arises shall be settled in Binding Arbitration.' (Italics added.) The phrase '[n]otwithstanding any other item' clearly indicates the parties intended the arbitration clause to apply according to its terms and for all disputes to be settled in binding arbitration, even if other provisions, read in isolation, might seem to require a different result." (*Id*. at p. 503.) In view of the foregoing, *Boghos* construed "[t]he service of suit clause . . . [as] requir[ing] the Underwriters to submit to the jurisdiction of United States courts in actions to compel arbitration or to enforce arbitral awards, thus easing burdens the insured might encounter in obtaining jurisdiction over the Underwriters in London." (*Ibid*.)

Post Ranch says *Boghos* does not control because, unlike the *Boghos* policy, the Policy here contains no "language establishing priority as between the arbitration . . . clause and the service of suit clause." (*Boghos*, *supra*, 36 Cal.4th at p. 503.) Post Ranch is correct that the Policy contains no such language and that the *Boghos* court relied in part on that language in concluding that the arbitration and service of suit provisions did not conflict. However, the *Boghos* court also cited with approval other cases reaching the

6

same conclusion in the absence of any language establishing priority between the two clauses.

Indeed, a majority of courts that have considered the issue have held that arbitration and service of suit provisions in insurance policies can be harmonized by reading service of suit clauses as allowing the litigation of actions to compel arbitration and to enforce arbitral awards. (See *NECA Ins. Ltd. v. National Union Fire Ins. Co. of Pittsburgh*, *PA* (S.D.N.Y. 1984) 595 F.Supp. 955, 958 ["an arbitration award cannot be enforced without access to the courts. The service of suit clause is therefore designed to guarantee the enforcement of arbitration awards and is not designed to supercede an obligation to arbitrate disputes within the scope of the arbitration clause"]; *Security Life Ins. Co. v. Hannover Life Reassurance Co. of America* (D. Minn. 2001) 167 F.Supp.2d 1086, 1088 [citing cases and concluding "[i]t is well-established that such service of suit clauses do not abridge an agreement to arbitrate all disputes arising out of a relationship"]; *Gaffer Ins. Co., Ltd. v. Discover Reinsurance Co.* (Pa. Super. Ct. 2007) 936 A.2d 1109, 1115 ["mandating arbitration as the mechanism for resolving disputes does *not* eliminate the possibility that the parties may *in addition* rely on the courts in some situations, *e.g.*, to file actions to compel or enforce arbitration. . . . [¶] [Accordingly, t]here is no inherent conflict or inconsistency between the service of suit provision and the arbitration provision"]; *NS Holdings LLC Inc. v. American Intern. Group Inc.* (C.D. Cal., Nov. 15, 2010, No. SACV 10-1132 DOC (JEMx)) 2010 U.S. Dist. LEXIS 125077 at *4; *Pine Top Receivables of Illinois, LLC v. Transfercom, Ltd.* (7th Cir. 2016) 836 F.3d 784, 787; *City of Anaheim v. Philadelphia Insurance Companies* (C.D. Cal., Sept. 14, 2017, No. SACV 16-01940 JLS (DFMx) 2017 U.S. Dist. LEXIS 175295 at *6.)

As Post Ranch notes, the Policy's arbitration clause itself contains an agreement to litigate actions to enforce arbitral awards. Specifically, it provides: "If either of the parties should fail to carry out any award the other may apply for its enforcement to a

7

court of competent jurisdiction in any territory in which the party in default is domiciled or has assets or carries on business." So as not to render the foregoing language superfluous, we construe the service of suit clauses as allowing the litigation of actions to compel arbitration. That construction is consistent with the language in the service of suit clauses, which refer to a "failure of the [Insurer] to pay any amount *claimed to be due*" under the Policy. (Italics added.)

Post Ranch urges us not to follow the majority line of cases, saying the fact that the service of suit clauses are set forth in endorsements explicitly stating that they "change[] the Policy" sets this case apart. We disagree. Endorsements necessarily modify a policy. (*Frontier Oil*, *supra*, 153 Cal.App.4th at p. 1463.) They also become part of the policy, which must be construed as a whole. (*Ibid*.) While it is true that an endorsement controls where it conflicts with the body of a policy, here we find no conflict for the reasons set forth in the cases cited above.

Our interpretation does not render the "change[] the Policy" language inoperative. The service of suit clauses "change[] the Policy" by including service of process information and a consent to litigate actions to compel arbitration.

Nor does our interpretation render the parties' agreement unconscionable, as Post Ranch argues. Post Ranch bases that contention on language in the service of suit clauses by which the Insurers reserve their "rights to commence an action in any Court of competent jurisdiction in the United States, to remove an action to a United States District Court, or to seek a transfer of a case to another Court as permitted by the laws of the United States or of any State in the United States." Post Ranch says that reservation of rights language give the Insurers an unfettered right to sue the insured whereas we have construed the Policy as allowing the insured to sue only in limited circumstances. We disagree. The reservation of rights language must be construed in light of the arbitration clause. In that context, we read it as allowing the Insurers to sue Post Ranch

8

to compel arbitration, precisely as other language in the service of suit clauses allows Post Ranch to sue the Insurers to compel arbitration.

Post Ranch also contends that language that appears only in the Lloyd's service of suit clause supports its reading of the Policy. The Lloyd's endorsement states: "This Insurance shall be subject to the applicable state law to be determined by the court of competent jurisdiction as determined by the provisions of the Service of Suit Clause." Nothing in that provision alters our reading of the Policy as a whole. It simply provides that, in actions authorized by the service of suit clause (i.e., to compel arbitration), the court determines the applicable state law.

A minority of courts have adopted the construction advocated by Post Ranch. (See *Transit Cas. Co. in Receivership v. Certain Underwriters at Lloyd's of London* (Mo. App. W.D. 1998) 963 S.W.2d 392; *Thiokol Corp. v. Certain Underwriters at Lloyd's, London* (D. Utah, May 6, 1997, No. 1:96-CV-028 B) 1997 U.S. Dist. LEXIS 8264; *Oakley, Inc. v. Executive Risk Specialty Insurance Company* (C.D. Cal., Feb. 24, 2011, No. SACV10-01585-CJC (FFMx)) 2011 U.S. Dist. LEXIS 163051.) We decline to follow those cases because we find the majority line of cases (which was citied with approval in *Boghos*, a case we are bound to follow) more persuasive.

### C. Whether CJW can Enforce the Arbitration Clause

The parties also disagree as to whether third party claims administrator CJW, a nonsignatory to the Policy containing the arbitration clause, can compel arbitration of Post Ranch's claims against it.

"The general rule is that only a party to an arbitration agreement may enforce it." (*Ronay Family Limited Partnership v. Tweed* (2013) 216 Cal.App.4th 830, 837.) However, "the law recognizes exceptions to [that] general rule and allows a nonparty to enforce an arbitration agreement provided the nonparty has ' "a sufficient 'identity of interest' " ' with a party to the agreement. [Citations.] In particular, an agent may enforce an arbitration agreement to which its principal is a party. [Citations.]" (*Id.* at

9

p. 838.)  Accordingly, "a nonsignatory defendant [may] compel a signatory plaintiff to arbitrate where there is a connection between the claims alleged against the nonsignatory and its agency relationship with a signatory."  (*Cohen v*. *TNP 2008 Participating Notes Program*, *LLC* (2019) 31 Cal.App.5th 840, 863 (*Cohen*).)

Defendants argue that CJW is the Insurers' agent and that Post Ranch's claims against it arise out of the Policy such that CJW can enforce the arbitration clause.  Post Ranch disagrees, noting that its complaint alleges that CJW took certain actions without the Insurers' approval and exceeded the scope of authority granted it by the Insurers.  Defendants complain that Post Ranch has no evidence supporting those allegations; Post Ranch counters that defendants have refused to respond to discovery requests it proffered in an effort to obtain such evidence.

The existence of an agency relationship is a factual question.  (*Cohen*, *supra*, 31 Cal.App.5th at p. 865.)  The trial court did not make a factual finding as to whether CJW has an agency relationship with the Insurers, given its conclusion that the arbitration clause did not apply.  We shall remand for the trial court to make that factual determination in the first instance.

## III.    DISPOSITION

The order denying defendants' motion to compel arbitration is reversed and the matter is remanded.  On remand, the trial court is directed to determine whether CJW has an agency relationship with a signatory to the Policy and, if so, whether Post Ranch's claims against CJW are sufficiently connected to that agency relationship that CJW may compel arbitration.  The trial court is further directed to enter an order granting the motion to compel arbitration as to AmRisc and the Insurers.  Defendants shall recover their costs on appeal.

10

_____

ELIA, J.


WE CONCUR:




_____

PREMO, Acting P.J.




_____

BAMATTRE-MANOUKIAN, J.




*Passport Resorts LLC et al. v. AmRisc, LLC et al.*
H046354