851 So.2d 234 (2003)
NORTHPORT HEALTH SERVICES, etc., Appellant,
v.
ESTATE OF Vervil M. RAIDOJA, etc., Appellee.
No. 5D03-898.
District Court of Appeal of Florida, Fifth District.
July 25, 2003.
Dale R. Sisco of Dale R. Sisco, P.A., Tampa, for Appellant.
William R. Daniel of Morgan, Colling & Gilbert, P.A., Tampa, for Appellee.
PLEUS, J.
In this nursing home abuse case, we affirm an order denying the nursing home's motion to abate and to compel arbitration. After the decedent's estate filed suit against the nursing home and its parent *235 company, the nursing home filed a motion to abate and to compel arbitration pursuant to an arbitration provision in an admission agreement between the nursing home and the decedent.
The order on appeal states:
Although public policy favors the enforcement of arbitration agreements, this one is fatally flawed. Another paragraph of the same Admission Agreement states that the laws of the state of Alabama shall control interpretation, construction, and enforcement of the contract, and that venue shall be proper exclusively in Tuscaloosa County, Alabama. If an arbitration clause, such as this one, calls for arbitration that is to take place in a foreign jurisdiction, Florida courts cannot, over objection, compel arbitration. Post Tensioned Engineering Corp. v. Fairways Plaza Associates, 412 So.2d 871 (Fla. 3d DCA 1982), see also Damora v. Stresscon Intl., Inc., 324 So.2d 80 (Fla.1976).
The admission agreement states that "Tuscaloosa County, Alabama shall be the sole and exclusive venue for any litigation, special proceeding, or any other proceeding between the parties that may arise out of, in connection with, or by reason of this Agreement." We agree with the circuit court that the arbitration provision is not enforceable because the agreement requires arbitration to occur in another state. Damora; Post Tensioned Engineering.
Because of our affirmance on this issue, we need not address the additional issues raised by the parties.
AFFIRMED.
SHARP, W., and PETERSON, JJ., concur.